UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

| | |
|---|---|
| IN THE MATTER OF<br>RYAN DENVER AS OWNER OF<br>M/V MAKE IT GO AWAY,<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | IN ADMIRALTY |

## LIMITATION COMPLAINT

Now comes Limitation Plaintiff Ryan Denver, as owner of the M/V MAKE IT GO AWAY, USCG No. 1308302 (hereinafter referred to as the "Vessel"), to petition this Honorable Court for exoneration from or limitation of liability related to an accident on July 17, 2021, in Boston Harbor, pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-12 (2006), and Supplemental Rule F of the Federal Rules of Civil Procedure:

### JURISDICTION

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), Fed. R. Civ. P. 9(h), Supplemental Rule F, and 46 U.S.C. § 30511 and § 30502 (2006).

### VENUE

2. Venue is proper in the District of Massachusetts pursuant to Supplemental Rule F(9) because the Vessel has not been attached or arrested; no known civil suits have been commenced against its owner; and the Vessel was operating in Boston Harbor on navigable waters of the United States at the time of the accident.

### PARTIES

3. Limitation Plaintiff Ryan Denver is the registered owner of the Vessel. Limitation Plaintiff resides in Boston, MA.

4. The Vessel is a recreational 37 feet 11 inches (37'11") Pursuit Vessel, Model DC 365, built in 2021, with three 2020 Yamaha 300 HP engines.

5. There were seven (7) passengers onboard the Vessel in addition to Limitation Plaintiff, some of whom sustained injuries in the accident and one of whom died later.

## STATEMENT OF FACTS

6. At approximately 0245 hours on July 17, 2021, Limitation Plaintiff was navigating the Vessel in Boston Harbor, from the Quincy area to Boston's Inner Harbor (in a Northwesterly direction) to the East of Castle Island, and in a proper manner and at an appropriate speed when the Vessel allided with a fixed navigational aid (Daymarker No. 5) in the vicinity of Castle Island.

7. Daymarker No. 5's primary purpose is to warn large deep-draft ocean-going vessels heading inbound and outbound to/from the Port of Boston, which are constrained by their draft to the ship channel, of shallow water in order to prevent large vessel groundings.

8. Daymarker No. 5 is maintained by the United States Coast Guard and is supposed to be equipped with a green light that flashes once every two-and-a-half (2.5) seconds, which is affixed to a platform constructed on top of four (4) pilings that are driven into the seafloor.

9. At the time of the allision, the light was nearly forty feet (40') above the water level, and the four pilings were mostly exposed and were taller than the Vessel (measured from the waterline to the bottom of the platform).

10. None of Daymarker No. 5's pilings were illuminated or affixed with any reflective material to make them visible at night.

11. At the time of the allision, the Boston Harbor Phase 3 Rock Removal Project (the "Dredging Project") was in operation and DREDGE NEW YORK[1] and DRILLBOAT APACHE[2] were off Castle Island, Northwest of Daymarker No. 5. (Behind Daymarker No. 5, from the Vessel's perspective).

12. Limitation Plaintiff was navigating the Vessel on its return trip to Boston by keeping the Vessel on the same track line he made good on the earlier outbound trip, as recorded and displayed on the Vessel's chartplotter.

13. The Moon had set hours before the allision, and Limitation Plaintiff could not see Daymarker No. 5 because of the dark pilings and the 40 foot high light was absorbed by background lights including from the Dredging Project.

14. Limitations Plaintiff was unable to avoid the allision by the time Daymarker No. 5 came into sight; despite being on the same track line as his earlier outbound trip.

15. After the allision, the Vessel began taking on water, so Limitation Plaintiff and the seven (7) passengers entered the water.  They were not ejected in the allision.

16. Moments after Limitation Plaintiff and the passengers entered the water, another motor vessel with three people onboard, identification pending, arrived at the scene (the "Unidentified Vessel").

17. The Unidentified Vessel arrived at the scene and was positioning to provide assistance to the eight (8) people in the water, such that Limitation Plaintiff and others began moving towards the Unidentified Vessel in belief and reliance that aid was to be provided.

---

[1] DREDGE NEW YORK has a length of 200' and beam of 57'.
[2] DRILLBOAT APACHE has a length of 210' and a beam of 60'.

18. Without notice, the Unidentified Vessel departed the scene and failed to provide any assistance to the eight (8) people in the water, including Jeanica Julce who drowned at some point after the Unidentified Vessel departed.

19. The two passengers on the Unidentified Vessel were heard yelling at its operator as he left the scene: "What the hell are you doing?"

20. The Unidentified Vessel's operator violated his duty to provide assistance pursuant to 46 U.S. Code § 2304.

21. Limitation Plaintiff and one of the passengers who could swim did everything they could to assist the remaining six (6) people in the water, until the United States Coast Guard arrived.

22. The United States Coast Guard took seven (7) people including Limitation Plaintiff back to shore.  Search and Rescue responders found Jeanica Julce's body sometime later.

23. The Vessel was later towed into port and remains in the custody of the Commonwealth of Massachusetts.

24. The July 17, 2021, accident with the Vessel and any and all injuries, damages, and losses claimed to have resulted from it were not caused by a breach of applicable statutes or regulations, or any type of unseaworthiness, intentional fault, neglect, lack of reasonable care, or liability by or on the part of Limitation Plaintiff or the Vessel.

25. Alternatively, any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, lack of reasonable care, or liability by or on the part of Limitation Plaintiff or the Vessel that might have contributed to any and all injuries, damages, and losses claimed to have resulted from the July 17, 2021, accident were occasioned and incurred without the privity or knowledge of Limitation Plaintiff and/or were

occasioned and incurred due to the fault of other parties whose actions and/or inactions are not Limitation Plaintiff's responsibility.

## NOTICE OF CLAIM

26. On August 6, 2021, Limitation Plaintiff received a letter of representation and notice of claim from Wilfred and Evelyn Julce for the alleged wrongful death of their daughter, Jeanica Julce.

27. On October 6, 2021, Limitation Plaintiff received a letter of representation and notice of claim from Aristide Lex who allegedly suffered personal injuries during the allision.

28. On November 8, 2021, Limitation Plaintiff received a notice of claim from the United Stated Coast Guard for the alleged damage to Daymarker No. 5 as a result of the allision.

29. Pursuant to Supplemental Rule F(1), this Limitation Complaint is filed within six (6) months of any notice of claims.

30. Limitation Plaintiff does not know the total dollar amount of the claims already received or for any other potential claims that may be made for injuries, damages, and losses allegedly sustained by the other passengers or other entities as a result of the July 17, 2021 accident.

31. Limitation Plaintiff expects that formal claims based on those injuries, damages, and losses may be presented in due course and that the total claims may exceed the post-casualty value of the Vessel.

## VALUE

32. According to the Declaration of Jonathan K. Klopman, filed herewith, the post-casualty value of the Vessel does not exceed to $50,000.00 following the conclusion of the subject voyage with no pending freight.

**EXONERATION/LIMITATION**

33. Limitation Plaintiff seeks exoneration from liability for any and all injuries, damages, and losses of any kind arising from the July 17, 2021, incident with the Vessel including personal injuries, loss of consortium or services, income loss, as well as any other damages or claimed losses incurred which have been and/or may hereafter be asserted, and Limitation Plaintiff states that he has valid defenses on the facts and the law.

34. Limitation Plaintiff alternatively seeks limitation of his liability arising from the July 17, 2021, incident with the Vessel pursuant to 46 U.S.C. §§ 30501-12, Supplemental Rule F, and case law, and to that end submitted with the Court a payment in the amount of $50,500.00 ($50,000.00 for the value of Limitation Plaintiff's interest in the Vessel plus $500.00 for statutory costs).

**RELIEF SOUGHT**

WHEREFORE Limitation Plaintiff Ryan Denver, as owner of the M/V MAKE IT GO AWAY, USCG No. 1318281, requests the following relief:

1. That this Honorable Court enter an injunctive order pursuant to Supplemental Rule F(3) ceasing and enjoining all lawsuits, causes of action, and claims against Limitation Plaintiff arising from the July 17, 2021, accident, except in this civil action;

2. That Limitation Plaintiff serves a copy of that injunctive order on any person to be enjoined or provide a copy to such person's counsel;

3. That the Court enter an order directing the issuance of a notice to Claimants, pursuant to Supplemental Rule F(4);

4. That the Court adjudges Limitation Plaintiff not liable for any and all injuries, damages, or losses arising from the July 17, 2021 accident or that if Limitation Plaintiff is held liable in any part, his liability shall be limited at a maximum to the value of his $50,000.00 interest in the Vessel after the conclusion of the subject voyage and that Limitation Plaintiff be discharged from any such liability upon the surrender of such interest, and that the money surrendered, secured, or to be paid as aforesaid be divided *pro rata* among such Claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that judgment may be entered discharging Limitation Plaintiff from all further liability; and

5. That Limitation Plaintiff be provided such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED on November 12, 2021,

        RYAN DENVER
        By his counsel,

        */s/ Liam T. O'Connell*
        David J. Farrell, Jr. (BBO #559847)
        Liam T. O'Connell (BBO # 694477)
        Kirby L. Aarsheim (BBO #678774)
        **FARRELL SMITH O'CONNELL**
        46 Middle Street, Second Floor
        Gloucester, MA 01930
        (978) 744-8918 x 18
        loconnell@fsofirm.com

## **<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Local Rule 5.2, I hereby certify as of November 12, 2021, there have been no appearances by claimants in this action and there is no one to serve.

*/s/ Liam T. O'Connell*
Liam T. O'Connell
