UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

| | |
|---|---|
| IN THE MATTER OF<br>RYAN DENVER AS OWNER OF<br>M/V MAKE IT GO AWAY,<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | IN ADMIRALTY |

**MEMORANDUM OF LAW IN SUPPORT OF**
***EX PARTE* MOTION FOR ISSUANCE OF INJUNCTION**

  Now comes Limitation Plaintiff Ryan Denver as owner of the M/V MAKE IT GO AWAY, USCG No. 1308302, and files this memorandum to support his *Ex Parte* Motion for Issuance of Injunction pursuant to Fed. R. Civ. P. Supp. Rule F(3).

**I. INTRODUCTION**

  This matter is governed by the Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501-12 (2006).  It provides in pertinent part that following a casualty, a vessel owner can file suit in U.S. District Court within six (6) months of receiving written notice of a claim.  Upon posting security, "all claims and proceedings against the owner related to the matter in question shall cease," except in this District Court proceeding, *id.* § 30511, with any "claims, debts, and liabilities" incurred "without the privity or knowledge of the owner" limited to "the value of the vessel" after the casualty, *id.* § 30505.

  Procedurally, this case is governed by Supplemental Rule F of the Federal Rules of Civil Procedure, which clearly explains the steps that a vessel owner must take in filing a limitation of liability proceeding.  Because Limitation Plaintiff has taken the above steps, his *ex parte* motion for a Supplemental Rule F(3) injunction should be granted.

**II.   FACTUAL BACKGROUND**

As outlined in the Limitation Complaint, on July 17, 2021, Limitation Plaintiff was navigating the M/V MAKE IT GO AWAY (hereinafter referred to as the "Vessel") in Boston Harbor in a proper manner and at an appropriate speed when the Vessel allided at night with a daymarker in the vicinity of Castle Island ("Daymarker No. 5"). Daymarker No. 5 is not illuminated or marked sufficient for recreational boaters, and Limitation Plaintiff was unable to avoid the allision by the time Daymarker No. 5 came into sight.  After the impact, Limitation Plaintiff and all of the passengers entered the water as the boat began taking on water, and Limitation Plaintiff did everything in his power to assist them until first responders arrived on the scene; despite the fact that an Unidentified Vessel appeared on scene and after assessing it and seeing people in the water, absconded.  *See* Limitation Complaint, ECF No. 1, ¶¶ 6-25. Limitation Plaintiff and the Vessel complied with all applicable statutes and regulations and in accordance with the duty of care owed to the vessel's passengers.

**III.   ARGUMENT**

   *a. The Requirements for Supplement Rule F(3) Injunction are Satisfied*

The District of Massachusetts recognizes that the Shipowner's Limitation of Liability Act applies "to pleasure boats," and limits the liability of the boat owner for "any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner."  *In re Keller*, 940 F. Supp. 35, 37 (D. Mass. 1997)(Stearns, J.)(quoting 46 U.S.C. § 30505(b)); *see generally In re Middlesex*, 132 F. Supp. 3d 233 (D. Mass. 2015)(Hillman, J.)(clarifies limitation owner's procedures under Supplemental Rule F).

On August 6, 2021, Limitation Plaintiff received the first written notice of claim arising from the July 17, 2021, incident.  The Limitation Complaint was filed within the six [6] month

period after receiving the first notice of a written claim in satisfaction of Supp. Rule F(1) with venue in the District of Massachusetts, as appropriate under Supp. Rule F(9). The Vessel is presently located in the custody of Massachusetts Environmental Police Department and therefore venue in this District is proper.  *See* Fed. R. Civ. P. Supp. F(9)("When the vessel has not been attached or arrested to answer the matters aforesaid, and the suit has not commenced against the owner, the proceedings may be had in the district in which the vessel may be . . .").

Limitation Plaintiff has deposited with the Clerk an amount equal to his interest in the Vessel or $50,000.00, with no pending freight, *see* Supp. Rule F(1)(a), plus an additional sum of $500.00, in accordance with Supp. Rule F(1). Accordingly, an injunction, *see* copy of proposed order attached hereto as ***Exhibit A***, should be issued in accordance with Supp. Rule F(3):

> Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease.  On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to the limitation in the action.

Fed. R. Civ. P. Supp. F(3); *see also* 46 U.S.C. § 30511(c)(when owner has complied, "all claims and proceedings against the owner related to the matter in question shall cease"); *see also In re G&J Fisheries, Inc.*, No. CV 20-11704-NMG, 2021 WL 5165011 (D. Mass. Nov. 5, 2021)(Gorton, J.).

Additionally, a Notice to Claimants should be issued in accordance with Supp. Rule F(4). *See* copy of proposed notice attached hereto as ***Exhibit B***.

    b.  ***This Limitation Proceeding is Routine Admiralty Practice***

Besides providing a forum for a vessel owner to obtain exoneration from or limitation of his liability following a casualty, "[t]he heart of this system is a concursus of all claims to ensure

the prompt and economical disposition of controversies. . . ." *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 415 (1954).

In sum, judicial economy is served by granting Limitation Plaintiff's motion for an injunction now, so that all litigation arising from or related to the July 17, 2021, incident can be efficiently managed in this forum.

## IV.   CONCLUSION

Limitation Plaintiff has satisfied the requirements of Supp. Rule F(1) and (2) and therefore this Honorable Court should properly grant this Motion for a Supp. Rule F(3) injunction, which will allow for the efficient litigation of all claims arising from or related to the July 17, 2021, incident.  WHEREFORE, Limitation Plaintiff Ryan Denver prays that his Motion be allowed and that the Order and Notice be issued forthwith.

RESPECTFULLY SUBMITTED on November 12, 2021,

RYAN DENVER
By his counsel,

*/s/ Liam T. O'Connell*
David J. Farrell, Jr. (BBO #559847)
Liam T. O'Connell (BBO # 694477)
Kirby L. Aarsheim (BBO #678774)
**FARRELL SMITH O'CONNELL**
46 Middle Street, Second Floor
Gloucester, MA  01930
(978) 744-8918 x 18
loconnell@fsofirm.com

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I hereby certify as of November 12, 2021, there have been no appearances by claimants in this action and there is no one to serve.

*/s/ Liam T. O'Connell*
Liam T. O'Connell