UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:
21-cv-11841-ADB

|  |  |
|---|---|
| IN THE MATTER OF ) <br> RYAN DENVER AS OWNER ) <br> OF M/V MAKE IT GO AWAY, ) <br> FOR EXONERATION FROM OR ) <br> LIMITATION OF LIABILITY ) <br> ) | IN ADMIRALTY |

### ARISTIDE LEX, TORY GOVAN and WILFRED JULCE, SPECIAL PERS. REP, ESTATE OF JEANICA JULCE'S MEMORANDUM OF LAW IS SUPPORT OF THEIR JOINT MOTION TO DISMISS LIMITATION COMPLAINT

Now come the Claimants Aristide Lex, Tory Govan, and Wilifred Julce, Spc. Pers. Rep, Estate of Jeanica Julce (collectively "Claimants") and submit the following facts and authorities in support of their joint Motion to Dismiss, Or In the Alternative, To Stay and Lift the Injunction.

### BACKGROUND and FACTS

This action arises out of the allision of a pleasure vessel named MAKE IT GO AWAY (hereafter "the Vessel") with the fixed and stationary navigational aid "Daymarker #5" on off Castle Island in Boston Harbor on July 17, 2021 (hereafter "the Casualty"). ECF #1, ¶¶2,3,6. The Vessel was operating in Boston Harbor on navigable waters of the United States at the time of the accident. ECF 1, ¶2. At the time, Denver was the owner of the vessel. ECF 1, ¶3. At approximately 0245 hours[1] on July 17, 2021, Limitation Plaintiff was navigating the Vessel in Boston Harbor, from the Quincy area to Boston's Inner

---

[1] The 'regular time" equivalent to this military time designation is 2:45 a.m.

Harbor (in a Northwesterly direction) to the East of Castle Island. ECF 1, ¶6. Limitation Plaintiff was navigating the Vessel on its return trip to Boston by keeping the Vessel on the same track line he made good on the earlier outbound trip, as recorded and displayed on the Vessel's chartplotter. ECF 1, ¶12. MAKE IT GO AWAY, O.N. 1308302 [sic], was a 37 foot, 11 inch (37'11") Pursuit Vessel, Model DC 365, built in 2021, with three 2020 Yamaha 300 HP engines. The impact of the vessel with Daymarker #5 caused all seven persons on board to enter the water, including the Plaintiff and the Claimants. ECF 1, ¶15. All but one were rescued by the Coast Guard; one of the passengers died. ECF 1, ¶15, 22, 26.

Plaintiff filed this limitation action pursuant to 46 U.S.C. § 30511 and § 30502 (2006) (hereafter "the Act") on November 12, 2021 seeking exoneration from or limitation of liability arising out of the casualty and the Court issued the usual Order staying all other proceedings on November 16, 2021, ECF 4.
Claimants here move to dismiss on the grounds that the Complaint firmly establishes Plaintiff's privity and knowledge and fatally fails to identify the vessel. Alternatively, this matter should be stayed and the injunction should lifted to allow pursuit of jury rights.

## ARGUMENT

1. THE PLAINTIFF IS NOT ENTITLED TO PROTECTION UNDER THE ACT

    A. STANDARD ON MOTION TO DISMISS

    The Claimants move to dismiss the Limitation Complaint on the grounds that it fails "to state a claim upon which relief can be granted." Fed. R. Civ.P. 12(b)(6). To withstand a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011). The Rule's plausibility standard is "a screening

mechanism designed to weed out cases that do not warrant either discovery or trial." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013). This screening comprises a "threshold inquiry." *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 46 (1st Cir. 2012) to be made prior to discovery. See *Rios-Campbell v. U.S. Department of Commerce*, 927 F.3d 21 (1st Cir. 2019).

Supplemental Rule F(2) requires a vessel owner petitioning for exoneration from or limitation of liability to set forth sufficient facts to render his claim of lack of "privity and knowledge" plausible as that phrase is defined in [Ashcroft v. ] Iqbal [, 556 U.S. 662 (2009)]." *Bensch v. Estate of Umar*, 2 F 4th 70, 79 (2nd Cir. 2021). As demonstrated below, the Limitation Complaint before the Court does not warrant either discovery or trial because plaintiff's claim of entitlement under the Limitation Act is not plausible.

B. LIMITATION GENERALLY

The Act establishes a procedure by which a shipowner can deposit with the court a sum equal to the value of his ownership interest in the vessel and in the absence of privity or knowledge of causal negligence can sue to limit his liability for any injuries sustained on the vessel to the amount of that ownership interest. It is filed in order to effectively distribute limited funds in a single proceeding, not to "transform the [Limitations] Act from a protective instrument [in]to an offensive weapon by which . . . shipowner[s] can deprive suitors of their common-law rights." *Lake Tankers Corp.*, 354 U.S. at 152, 77 S.Ct. 1269.

Limitation cannot be claimed in general; instead, the vessel for which limitation is sought must be identified, because Fed. R. Civ. P. Supplemental Rule for Certain Admiralty and Maritime Claims F(2) requires the limitation of liability complaint to include "all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited". Such

facts include the vessel's identity and its value. *In the Matter of Dolphin Services, Inc.*, 225 F.3d 515, 517 (E.D. LA 2000).

> Within the First Circuit, Limitation of Liability proceedings
>
> engender a divided burden of proof. The claimant bears the initial devoir of persuasion vis-a-vis negligence and unseaworthiness. If the claimant succeeds in that first-stage endeavor, the burden then shifts to the shipowner to establish its lack of privity and knowledge.

*EAC Timberland v. Pisces, Ltd.*, 745 F.2d 715, 720 (1st Cir. 1984); *Carr v. PMS Fishing Corporation*, 191 F.3d 1 (1st Cir. 1999). The First Circuit has recognized that entitlement to the benefits of the Act are not available to a vessel owner whose privity and knowledge is made out "as matter of law." *Joia v. Jo-Ja Service Corp.*, 817 F. 2d 908 (1st Cir. 1987)("Under the circumstances of this case, Jo-Ja is held to have privity and knowledge as a matter of law and is therefore not entitled to limit its liability.") Such a finding should come at the outset and precede any need for a determination of negligence under the "first stage of the endeavor" where it appears from the pleadings that no grant of limitation is possible. *In Re Martin*, 18 F. Supp. 2d 126 (D. Mass. 1998). The Claimants submit that this is such a case and that the limitation action should be dismissed on the basis that Plaintiff had privity and knowledge as a matter of law and also because the Limitation Plaintiff has failed to identify the vessel as required by Rule F.

C. THE "OWNER AT THE HELM RULE"

In *Martin,* the Claimant was a passenger on a recreational vessel who sustained personal injuries resulting from the Plaintiff owner/operator's negligent operation at an excessive rate of speed in rough seas. In his

decision, Judge Tauro of this Court set out to determine the proper approach in a situation where, as here, the Court must decide whether it can rule on the limitation of liability issue alone or whether it must first decide the negligence question. Claimant argued that, where no limitation of

4

liability was possible, she was entitled to have the petition dismissed so that she could proceed with her negligence claim in a common law forum of her choosing. She relied upon *Fecht v. Makowski*, 406 F.2d 721, 722-23 (5th Cir.1969) and *In re Complaint of Ingoglia*, 723 F. Supp. 512, 514-15 (C.D.Cal.1989). The vessel owner argued that the court must determine what acts of negligence, if any, caused the accident, before it could consider the validity of Plaintiff's limitations claim. It relied upon *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976) and a prior decision of the District of Massachusetts, *Keller v. Jennette*, 940 F. Supp. 35, 37 (D.Mass.1996). After acknowledging the dichotomy extant under other circumstances and differing fact patterns, the Court held that "the wiser approach is for the court to consider the validity of Plaintiff's limitations claim prior to addressing the negligence issue" and went on to observe that

> Blind adherence to Farrell's two-step approach in all circumstances, however, ignores a claimant's important rights to a jury trial and to the full complement of common law remedies available in state court.

*Martin, id* at 128. "Numerous courts have followed this logical premise." *In Re Nagler*, 246 F. Supp. 3d 648, 661, 2017 AMC 871 (E.D.N.Y. 2017)(listing cases).

Plaintiff will likely rely upon *Keller*'s caution that that "[t]he owner's presence is not necessarily fatal to his right to limit if the evidence suggests that his conduct was in all respects prudent," *Keller, id.* at 38. Yet, *Keller* is no more applicable here than it was in *Martin* where Judge Tauro distinguished it, noting that in *Keller* the claimant had asserted that his injuries were caused, at least in part by the negligent operation of another vessel. *Martin* at 129. Claimants here make not such assertion. Moreover, even where the owner-on- board situation is not considered a "talisman"

> Nevertheless, if the owner, "by prior action or inaction set into motion a chain of circumstances which may be a contributing

5

> cause even though not the immediate or proximate cause of a casualty, the right to limitation is properly denied." Id. (internal quotation marks omitted) (quoting Tug Ocean Prince. Inc. v. United States, 584 F.2d 1151, 1158 (2d Cir. 1978 )).
>
> "[i]n the case of individual owners, it has been commonly held or declared that privity as used in the statute means some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury." Id. at 126 (quoting Coryell v. Phipps, 317 U.S. 406, 411, 63 S.Ct. 291, 87 L.Ed. 363 (1943 )). "Where the owner's negligent act caused the alleged injury ... all of the requirements of 'privity' are satisfied." Id. (quoting The Tug Ocean Prince, 584 F.2d at 1159).

*In Re Nagler*, *id.* 661/662.

Plaintiffs will also likely rely upon a number of recent decisions from other Circuits which reject the *Frecht/Martin* analysis. Claimants submit, however, that those decisions are clearly distinguishable[2] and do not represent binding precedence here. Rather, Claimants ask the Court to follow the rationale and holding of *Martin* in finding that the Limitation Petition is not plausible in its assertion that Ryan Denver had no privity and knowledge of his own negligent acts that caused the casualty.

Both the facts and the law support this conclusion. In his complaint, Plaintiff admits that "[he] was the registered owner of [the vessel] ECF 1, ¶3. "As if this were not enough,"[3] Plaintiff admits that "at approximately 0245 hours on July 17, 2021, [he] was navigating the Vessel in Boston Harbor, from the Quincy area to Boston's Inner Harbor (in a Northwesterly direction) to the East of Castle Island," ECF 1, ¶6 and "keeping the Vessel on the same track line he made

---

[2] The majority do not involve allisions or the admissions present here and in *Martin*. Exemplary of these are *In re Schnittger*, 431 F. Supp. 3d 109, 114 (E.D.N.Y. 2019) where, unlike here, "Nothing in the Complaint itself would even tend to show the Petitioner's negligence, let alone establish it as a matter of law", *Kaufman Lim. Procs.*, 2015 AMC 995 (E.D.N.Y. 2015) a water tubing casualty in which only one owner was aboard and no admissions other than operation were made in the complaint, and *In re Albergo*, 17-cv-61281-BLOOM/VALLE (S.D. Fla. Nov. 20, 2017) a collision case.

[3] *Martin* at 128.

good on the earlier outbound trip, as recorded and displayed on the Vessel's chartplotter," ECF 1, ¶12, "when the Vessel allided with a fixed navigational aid (Daymarker No. 5) in the vicinity of Castle Island." ECF 1, ¶6.

Again echoing the words of Judge Tauro, "If there was negligence in the operation of the vessel MAKE IT GO AWAY, therefore, only Plaintiff could be liable for it." Moreover,

> [i]n such an instance, either privity or knowledge exists, and limitation of liability must be denied. See Joyce v. Joyce, 975 F.2d 379, 385 (7th Cir.1992); In re Complaint *129 of Marine Sports, Inc., 840 F. Supp. at 49; In re Complaint of Ingoglia, 723 F. Supp. at 515. In any case, because Plaintiff's admissions undermine his limitations petition, the court must dismiss Plaintiff's petition at Claimant's request.

Martin at 128-9. "No reasonable trier of fact would conclude that [Denver] lacked privity or knowledge . . ." *Nagler*, id. at 662.

Claimants do not ignore the fact that the Limitation Plaintiff has asserted that he was unable to avoid the allision,[4] ECF, 1¶14, and that the accident and damages were "not caused by a breach of applicable statutes or regulations, or any type of unseaworthiness, intentional fault, neglect, lack of reasonable care, or liability by or on the part of Limitation Plaintiff or the Vessel." ECF, 1¶24. Limitation Plaintiff Martin made the same general proclamations, *Martin*, *Id*. at 129, FN 2. But, as in *Martin*, "Plaintiff's argument that he piloted the boat with reasonable care misses the point." *Id*. at 129. Accordingly, Claimants submit that Plaintiff, in this case, "fails to make such a *prima facie* showing" that that he is entitled to the protection afforded by the statute, a condition precedent to the Court's consideration of the merits of the underlying tort claim. *Id*.

---

[4] This begging the unanswered question "why?"

7

Although Claimants are not here arguing that dismissal should be based also upon a finding of negligence at this stage (and recognize that careful pleading has been aimed at thwarting such a finding),[5] it is clear that Plaintiff cannot make a *prima facie* showing of freedom from fault. This is highlighted through consideration of at least two operative legal principles applied to his admissions. Plaintiff's characterization of the incident as an allision and his admission that the moving MAKE IT GO AWAY struck the stationary Daymarker #5 invokes the Rule of the Oregon. *The Oregon*, 158 U.S. 186, 192-93 (1895). That rule, primarily applicable in allision cases, shifts the burden and establishes a *prima facie* case of negligence in favor of the claimants. Schoehnbaum, ADMIRALTY & MARITIME LAW § 14–3, at 104–05. Also obviously invoked here is The Pennsylvania Rule holding that a vessel in violation of a statutory rule designed to prevent collisions (any of several of the COLREGS or "Rules of the Road"), bears the burden of showing 'not merely that fault might not have been one of the causes, or that it probably was not, *but that it could not have been. The Pennsylvania*, 19 Wall. 125, 86 U.S. 125, 22 L.Ed. 148 (1873); Schoehnbaum, *id.* at § 14–3, at 101. Given these principles, it is all the more clear that Plaintiff's assertion that he had no knowledge or privity as to the operation of the vessel is implausible.

"Where, as here, the only remaining issue is a ship owner's liability for negligence, there is no issue bearing on the Limitation Act to warrant a concursus." *Nagler, id* at 662, citing *Joyce*, 975 F.2d at 385. "Because

---

[5] Claimants submit that the inclusion of factual allegations regarding the presence of other vessels in the vicinity (¶11) and the absence of reflectors on pilings (¶10) are interposed to avoid dismissal but in any event are inapposite to the motion before the court, especially since no claim whatsoever is made that such circumstances *caused* Plaintiff to steer into Daymarker #5. While they may ultimately lead to a finding comparative fault on the part of parties other than Claimants, they do not inform the question of privity or knowledge on the part of Denver.

the only remaining issues of dispute are whether" Denver acted negligently in his operation of his vessel, the Court

> cannot provide recourse under the Limitation Act. Explained differently, if [Denver] is found to have acted negligently, he is not protected by the Limitation Act because he has not and cannot-satisfy his burden of proving a lack of privity or knowledge. If [Denver] is not found to have acted negligently, he will incur no liability and therefore have no need for the Limitation Act. Because there is no scenario in which the Petition could be granted, the Court" should dismiss the Petition.

*Nagler, id.* Since the required plausibility as to "privity and knowledge" as that phrase is defined in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) is not present, the Complaint should be dismissed. *Bensch v. Estate of Umar*, 2 F. 4th 70, 79 (2nd Cir. 2021).

2. FAILURE TO IDENTIFY VESSEL

Denver starts his Limitation Petition, "as owner of the M/V MAKE IT GO AWAY, USCG No. 1308302 (hereinafter referred to as the "Vessel")". By virtue of Plaintiff's opening-paragraph incorporation of that number into all references to "Vessel" it is repeated throughout the allegations of the Complaint. Upon information and belief, according to records of the National Vessel Documentation Center, the vessel that was assigned this referenced official number was a smaller, thirty-foot version of the vessel physically described in ¶4, albeit one bearing the same name. The first paragraph under heading "Relief Sought ("ECF #1 at page 6 of 8) refers to a vessel bearing an altogether different official number, O.N. 1318281. Upon information and belief, according to records of the National Vessel Documentation Center, that number is assigned to a vessel with an application for documentation "that has not yet been processed and completed" as of December 2, 2021. Finally, the Declaration of Jonathan K. Klopman (ECF 1-1), written and filed pursuant 28 U.S.C. § 1746 under the pains and penalties of perjury, also references a vessel bearing O.N. 1308302, the number assigned to the smaller, 30

9

foot vessel of the same name. Given these obvious and critical discrepancies as to facts required by Rule F, and upon which the Court relied for its Order enjoining suits and approving security (ECF 4), the Plaintiff's Limitation Complaint is deficient on its face and does not state a claim upon which relief can be granted. Rather, it is a completely implausible pleading which should be dismissed, especially since "Vessel substitution is *not* a minimal change in the petition . . . " *Dolphin, id. at 518, citing Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34-35 (2d Cir. 1982)

WHEREFORE, Claimants move this Honorable Court to Dismiss the Limitation as to them. Claimants make this Motion without prejudice to their rights to subsequently and as necessary ask this Honorable Court to enter an Order reliving them from the stay, staying this action and allowing them to proceed to pursue their constitutional rights and rights at law to proceed with a jury trial in the Suffolk County Superior Court.

        ARISTIDE LEX
        By His Attorneys

        */s/ William B. O'Leary*
        William Burke O'Leary
        BBO # 378575
        The O'Leary Law Firm
        63 Shore Road, Suite 25
        Winchester, MA 01890
        P. (781) 729-5400
        F. (781) 729-5620
        E. bill@tuglaw.com

        */s/Dennis Phillips*
        Dennis Phillips, Esq.
        BBO # 398320
        63 Shore Road, Suite 23
        Winchester, MA 01890
        P. (781) 789-3997
        E. dppesq1@comcast.net

WILFRED JULCE AS SPECIAL
PERSONAL REP., ESTATE OF
JEANICA JULCE

*/s/Douglas K. Sheff*
Douglas K. Sheff
BBO # 544072

*/s/Peter Chandler*
Peter Chandler
BBO # 703139
Sheff Law Offices, P.C.
The Daniel Webster Suite
10 Tremont Street
Boston, MA 02108
P. (617) 227-7000
F. (617) 227-8833
DSheff@shefflaw.com
pchandler@shefflaw.com

TORY GOVAN
By Her Attorney

*/s/ Stesha A. Emmanuel*
Stesha A. Emmanuel
BBO # 682293
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
P. (617) 449-6511
E. semmanuel@mccarter.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I electronically filed the above filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties listed on the electronic service list within the CM/ECF system.

Dated at Winchester, Massachusetts this 17th day of December, 2021.

Liam T. O'Connell
Farrell Smith O'Connell
46 Middle Street
Gloucester, MA 01930
loconnell@fsofirm.com

Carolyn M. Latti
Latti & Anderson, LLP
30 – 31 Union Wharf
Boston, MA 02109
clatti@lattianderson.com

Jessica G. Sullivan
Aviation, Space and Admiralty Litigation
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 14271
Washington, D.C. 20044
Jessica.Sullivan@usdoj.gov