UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:
21-cv-11841-ADB

|  |  |
|---|---|
| IN THE MATTER OF ) | |
| RYAN DENVER AS OWNER ) | |
| OF M/V MAKE IT GO AWAY, ) | IN ADMIRALTY |
| FOR EXONERATION FROM OR ) | |
| LIMITATION OF LIABILITY ) | |

## ANSWER AND CLAIM OF CLAIMANT ARISTIDE LEX JURY TRIAL DEMANDED

ARISTIDE LEX, by his attorneys Dennis P. Phillips and William B. O'Leary, hereby sets forth his answer to the petition for exoneration from or limitation of liability and files his Claim in limitation as follows:

1. The allegations contained in paragraph 1 of the petition for limitation of or exoneration from liability ("petition") are legal conclusions that do not require a response. To the extent they require a response, Claimant denies the allegations of paragraph 1.

2. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 2 of the petition, except admits the allegation that venue is proper and that the vessel was operating in Boston Harbor on navigable waters of the United States at the time of the accident.

3. Claimant admits the allegations contained in paragraph 3 of the petition.

4. Claimant admits the allegations contained in paragraph 4 of the petition.

5. Claimant admits the allegations contained in paragraph 5 of the petition.

## STATEMENT OF FACTS

6. Claimant admits only that at approximately 0245 hours on July 17, 2021, Limitation Plaintiff was navigating his Vessel in Boston Harbor, from the Quincy area to Boston's Inner Harbor (in a Northwesterly direction) to the East of Castle Island and that, as a result, the Vessel allided with a fixed navigational aid (Daymarker No. 5) in the vicinity of Castle Island but denies that Limitation Plaintiff's navigation was in a proper manner and at an appropriate speed and denies any allegations that the vessel was seaworthy, properly equipped and supplied, fit for its intended service and/or that Petitioner used due diligence to make the vessel seaworthy and safe prior to and at the time of the loss.

7. The allegations contained in Paragraph 7 are denied.

8. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 8 of the petition, except admits the allegation that four supports for the structure includes (4) pilings that are driven into the seafloor.

9. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 9 of the petition and therefore denies same.

10. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 10 of the petition and therefore denies same.

11. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 11 of the petition and therefore denies same.

12. Claimant admits only that Limitation Plaintiff was navigating the Vessel by keeping it on a track and heading of his choosing, but denies sufficient knowledge and/or information in order to form a belief as to the remaining allegations contained in paragraph 12 of the petition and therefore denies same and denies that Limitation Plaintiff's navigation was in

a proper manner and at an appropriate speed and denies any allegations that the vessel was seaworthy, properly equipped and supplied, fit for its intended service and/or that Petitioner used due diligence to make the vessel seaworthy and safe prior to and at the time of the loss.

13. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 13 of the petition and therefore denies same.

14. The allegations contained in Paragraph 14 are denied.

15. Claimant admits only that all Persons onboard the Vessel were forced into the water but denies sufficient knowledge and/or information in order to form a belief as to the remaining allegations contained in paragraph 15 of the petition and therefore denies same and denies that Limitation Plaintiff's navigation was in a proper manner and at an appropriate speed and denies any allegations that the vessel was seaworthy, properly equipped and supplied, fit for its intended service and/or that Petitioner used due diligence to make the vessel seaworthy and safe prior to and at the time of the loss.

16. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 16 of the petition and therefore denies same.

17. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 17 of the petition and therefore denies same.

18. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 18 of the petition and therefore denies same.

19. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 19 of the petition and therefore denies same.

20. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 20 of the petition and therefore denies same.

21. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 21 of the petition and therefore denies same.

22. Claimant admits the allegations contained in paragraph 22 of the petition.

23. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 23 of the petition and therefore denies same.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

## NOTICE OF CLAIM

26. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 26 of the petition and therefore denies same.

27. Claimant denies sufficient knowledge and/or information in order to form a belief as to date of receipt by Limitation Plaintiff of Claimant's letter except admits the allegation that such a letter was sent and received as asserted.

28. Claimant denies sufficient knowledge and/or information in order to form a belief as to the allegations contained in paragraph 28 of the petition and therefore denies same.

29. Claimant admits the allegations contained in paragraph 29 of the petition.

30. Claimant denies sufficient knowledge and/or information as to Limitation Plaintiff's knowledge in order to form a belief as to the allegations contained in paragraph 30 of the petition and therefore denies same.

31. Claimant denies sufficient knowledge and/or information as to the Limitation Plaintiff's expectations in order to form a belief of allegations contained in paragraph 31 of the petition and therefore denies same.

## EXONERATION / LIMITATION

32. Claimant denies any allegations that the vessel was seaworthy, properly equipped and supplied, fit for its intended service and/or that Petitioner used due diligence to make the vessel seaworthy and safe prior to and at the time of the loss and further denies Petitioner's right to seek exoneration as asserted in paragraph 32 of the Petition and therefore denies same.

33. Claimant denies any allegations that the vessel was seaworthy, properly equipped and supplied, fit for its intended service and/or that Petitioner used due diligence to make the vessel seaworthy and safe prior to and at the time of the loss and, because Petitioner had privity and knowledge of his negligence, and for other reasons, further denies Petitioner's right to seek limitation as asserted in paragraph 33 of the Petition and therefore denies same. Claimant denies that the security posted is in an amount sufficient under Rule F.

## AFFIRMATIVE DEFENSES

34. FIRST AFFIRMATIVE DEFENSE: The Petition fails to state a legally cognizable claim upon which relief may be granted.

35. SECOND AFFIRMATIVE DEFENSE: The acts and/or omissions leading to the losses claimed by the Claimant were within the privity and knowledge of the Petitioner.

36. THIRD AFFIRMATIVE DEFENSE: The security Petitioner posted and/or proposes to post is inadequate and insufficient to pay all losses in full, thus limitation should be denied, and the Court should order appropriate security to be filed in accordance with Supplemental Rule F.

37. FOURTH AFFIRMATIVE DEFENSE: There was no comparative or contributory fault by Claimant.

38. FIFTH AFFIRMATIVE DEFENSE: There is no right to exoneration of liability under the statutes alleged by Petitioner to be applicable.

39. SIXTH AFFIRMATIVE DEFENSE: The injuries complained of by the Claimant are caused by or contributed to by the acts, omissions, fault and negligence of the Petitioner and/or Petitioner's employees, agents, contractors, representatives, sub-contractors, and/or as a result of the violations of applicable laws, rules, statutes by the Petitioner, and Petitioner is thus liable to the Claimant herein for damages for pain, suffering and associated pecuniary losses.

40. SEVENTH AFFIRMATIVE DEFENSE: At the commencement of the voyage, THE VESSEL was not seaworthy, was not fit for its intended purpose, was not properly manned, was not properly maintained, was not properly equipped, as required by the Admiralty Rules and by good and accepted maritime procedures and law and as further set forth in Claimant's claim below.

41. EIGHTH AFFIRMATIVE DEFENSE: There is no statutory authority by which Petitioner may seek exoneration from liability for the incident underlying this petition, and, therefore, that portion of the Petition and Complaint must be dismissed.

42. NINTH AFFIRMATIVE DEFENSE: The Petitioner's failure to comply with the Admiralty rules invalidates the claim for exoneration from or limitation of liability filed by the Petitioner, and thus, Petitioner has waived its right to claim exoneration from and/or limitation of liability.

43. TENTH AFFIRMATIVE DEFENSE: The Limitation of Liability Act, 46 U.S.C. §30501 et seq., is discriminatory in that it favors vessel owners over the Claimant/Respondent, and deprives the said Claimant/Respondent of property rights without the due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

44. ELEVENTH AFFIRMATIVE DEFENSE: The circumstances, activities acts and/or omissions culminating in the injuries to Claimant, and Claimant's resulting damages were not brought about by any negligence, fault, neglect or want of care on the part of Claimant, but rather, solely through the negligence, carelessness, recklessness, dereliction, fault, neglect or want of care of the Petitioner and/or Petitioner's agents, employees, representatives, contractors, sub-contractors and/or crew, including but not limited to the vessel's master and officers, and/or the unseaworthiness of THE VESSEL.

45. TWELFTH AFFIRMATIVE DEFENSE: Petitioner, as owner and Operator of THE VESSEL, is not entitled to exoneration from, or limitation of liability pursuant to 46 U.S.C. § 30501, et seq., for any and all loss, damage, and/or injury caused by the incident underlying the Petition, or done, occasioned, or incurred on the voyage during which the Claimant sustained his injuries, because of the unseaworthy condition(s) of the vessel which were within the privity and knowledge of the Petitioner.

46. THIRTEENTH AFFIRMATIVE DEFENSE: The occurrence, incident, loss, damages, and/or injuries underlying this Petition and referred to in the Complaint were caused by or contributed to by the negligence of Petitioner in its capacity as owner and operator of the subject vessel, and/or as a result of the Petitioner's violations of applicable federal safety and operating regulations laws and/or statutes.

47. FOURTEENTH AFFIRMATIVE DEFENSE: The security Petitioner has posted and/or proposes to post is inadequate, and the court should order appropriate security to be filed in accordance with Supplemental Rule F.

48. FIFTEENTH AFFIRMATIVE DEFENSE: Petitioner's proposed valuation of the vessel understates its value and the court should order Petitioner to have a fair and adequate and prompt appraisal of the value of the vessel at the time of the accident.

49. SIXTEENTH AFFIRMATIVE DEFENSE: The faults leading to Claimant's injuries underlying the claims were within the privity and knowledge of the Petitioner.

50. SEVENTEENTH AFFIRMATIVE DEFENSE: The Petitioner is not entitled to Exoneration from or Limitation of Liability or any protection, remedy, or relief under the act on the basis that he is not a party for whom the purpose of the Act was designed to protect and apply.

51. EIGHTEENTH AFFIRMATIVE DEFENSE: The Petitioner is not entitled to Exoneration from or Limitation of Liability or any protection, remedy, or relief under the Act because he was the owner operator at the helm of the offending vessel.

WHEREFORE, Claimant prays that this Honorable Court enter an order finding that Petitioner is not entitled to limitation or exoneration of liability, further that and the limitation/exoneration action be dismissed in its entirety and that Claimant be allowed to bring his claim against Petitioner before a jury in a forum of Claimant's choosing and that judgment be entered on Claimant's behalf, together with fees, costs and interest.

### CLAIM IN LIMITATION OF ARISTIDE LEX

Claimant, ARISTIDE LEX, by his attorneys Dennis P. Phillips and William B. O'Leary, hereby respectfully alleges upon personal knowledge and upon information and belief, and states his Claim against RYAN DENVER, as owner of the M/V MAKE IT GO AWAY, its engines,

machinery, tackle, apparel, appurtenances, etc. for exoneration from or Limitation of Liability, Civil and Maritime, as follows:

52. Claimant repeats and realleges each and every allegation stated above in his Answer to Petitioner Aristide Lex's complaint with the same force and effect as if set forth in their entirety.

53. The jurisdiction of this Court over this claim arises under and by virtue of the Court's Admiralty jurisdiction, 28 U.S.C. §1331, and pursuant to the General Maritime Law.

54. At all times herein mentioned the MAKE IT GO AWAY was on the navigable waters of the United States, on the Boston Inner Harbor, and within the Admiralty jurisdiction of the United States of America.

55. Claimant brings his claim for damages pursuant to the provisions of the General Maritime Law of the United States of America and other state, federal, common law and/or statutory provisions or regulations.

56. Claimant is hereby entitled to a trial by jury pursuant to the "savings to suitors" clause, 28 U.S.C. § 1333, which permits, by statutory authority or through the operation of common law, the right to a trial by jury.

## THE PARTIES AND BRIEF STATEMENT OF FACTS

57. At all relevant times, claimant's Aristide Lex, is and was a resident of the Commonwealth of Massachusetts, County of Suffolk.

58. At all relevant times, claimant ARISTIDE LEX was an invitee and guest of Petitioner, RYAN DENVER and the Vessel aboard the Vessel.

59. Prior to, and on July 17, 2021, Petitioner RYAN DENVER was the sole owner of the Vessel.

60. Prior to, and on July 17, 2021, RYAN DENVER was the sole owner and operator of a vessel known as the THE VESSEL.

61. On or before July 17, 2021, Petitioner invited claimant on board the vessel as a guest and claimant was legally aboard the vessel for a voyage to take place on July 17, 2021.

62. The subject vessel is a a recreational 37 feet 11 inches (37'11") Pursuit Vessel, Model DC 365, built in 2021, with three 2020 Yamaha 300 HP engines.

63. On July 17, 2021, the vessel allided with navigational aid Daymarker #5 while being operated and navigated by the Petitioner who was at the helm of the vessel at all relevant times.

64. On July 17, 2021, the allision of the vessel with the stationary Daymarker #5 forced all six passengers and the Limitation Plaintiff into the water, including claimant ARISTIDE LEX who was a passenger at the time of the occurrence.

65. Prior to, and on July 17, 2021, the THE VESSEL was unfit for its intended voyage, in ill repair, unsafe and unseaworthy, in poor maintenance, and unnecessarily overpowered.

66. Prior to, and on July 17, 2021, THE VESSEL was being operated at an excessive rate of speed, unsafe for the circumstances then extant.

67. Prior to, and on July 17, 2021, THE VESSEL was being operated without a proper lookout.

68. Prior to, and on July 17, 2021, the Petitioner failed to treat Claimant with reasonable care under the circumstances.

69. Prior to, and on July 17, 2021, the Petitioner failed to act in a manner befitting a reasonably prudent mariner operating a vessel under the circumstances then extant.

70. Prior to, and on July 17, 2021, the Limitation Plaintiff, as operator of the THE VESSEL was unfit, incompetent, ill experienced, and ill trained, thereby rendering the vessel unsafe and unseaworthy, and thereby creating a reasonably foreseeable risk of the vessel alluding with a stationary object such as Daymarker #5.

71. Prior to, and on July 17, 2021, the Limitation Plaintiff was aware of and had full knowledge of the vessel's unsafe and unseaworthy condition, and his own lack of fitness, lack of training, and negligent operation which rendered the vessel unsafe and unseaworthy and unfit for sea voyages.

72. On July 17, 2021, Petitioner RYAN DENVER its officers, servants, agents, and employees and/or other persons for whom Petitioner was responsible, knowingly, recklessly, willfully, carelessly, and negligently permitted the subject vessel to get
underway, despite knowing that the vessel was unfit and unseaworthy as described herein.

73. On July 17, 2021, as a result of Petitioner's negligent, willful, callous, and reckless conduct in allowing the vessel THE VESSEL to get underway in an unseaworthy and unsafe condition, with an unseaworthy crew, unfit for duty and unfit for the intended purpose, the vessel THE VESSEL was caused to allide. As a result, the Claimant was caused to suffer serious and permanent injuries, he was exposed to the fear of drowning and had to be rescued from the navigable waters of the Boston Harbor after the Captain of THE VESSEL failed to do so.

74. As a result of the Petitioner's negligence, carelessness and recklessness as described herein, Claimant ARISTIDE LEX sustained serious and permanent injuries.

75. The injuries sustained by Claimant ARISTIDE LEX were not caused or contributed to by any fault or negligence on the part of Claimant, but were caused by reason of the negligence, carelessness and recklessness of the Petitioner, its agents, contractors, employees, representatives and/or other persons for whom Petitioner was and is responsible in that inter alia:

    A. The Vessel was operated managed and maintained in a careless, negligent and reckless manner;

    B. The Vessel was not safe, staunch, properly manned, properly equipped, supplied or seaworthy;

    C. Petitioner failed to maintain the Vessel and its equipment, appurtenances and appliances, in a safe and seaworthy condition;

    D. The Vessel's Captain was inexperienced, incompetent, improperly trained, reckless and negligent, and the vessel was under-manned;

    E. The Vessel was not reasonably safe or suitable for the intended voyage;

    F. The Vessel was permitted and allowed to go upon the navigable waters in an unsafe and unseaworthy condition and such condition of said Vessel and any and all damages and injuries sustained by the Claimant was done, occasioned and incurred with the privity or knowledge of the Petitioner, its agents, servants or employees at or prior to the commencement of the voyage;

    G. Petitioner, its agents, servants, employees, and/or other persons for whom the Petitioner was and is responsible, failed to take suitable precautions for the safety of the Claimant under the circumstances and conditions then existing, a fact known by the Petitioner, by the vessel's master, crew and officers, the said Petitioner having actual and

constructive notice of the unsafe, dangerous and unseaworthy conditions as discussed herein.

76. Claimant reserves the right to make claims against the Petitioner, and the Vessel for such other and further and different faults, negligence, carelessness, recklessness and unseaworthiness as the evidence in this case may disclose.

77. Claimant ARISTIDE LEX further alleges that Petitioner breached a nondelegable duty, in permitting the vessel to go upon the waters in an unsafe and unseaworthy condition, inadequately manned and inadequately equipped, and that the injuries to Claimant were caused by the negligence of the vessel's Captain, crew and by the unseaworthiness of the vessel, and any and all damages and injuries resulting to Claimant therefore, were done, occasioned, and occurred with the privity or knowledge of the Petitioner, the vessel's owners, managing agent(s), masters, directors, managers, officers, employee's, and/or agent's, or prior to the commencement of the voyage, upon which the vessel was then engaged.

78. Claimant's injuries, furthermore, were the result of the faults, negligence and unseaworthiness of the Vessel, the Vessel's master, and by its owners, agents, managing agents, and employees negligence, carelessness, and recklessness. Said negligence, carelessness, and recklessness exhibited itself through the inadequate crewing, maintenance and equipping of the Vessel, as described further herein

79. By reason of the matters aforesaid, Claimant sustained severe injuries including, but not limited to a fractured jaw, permanent scarring and psychological injuries. As a result of the incident, Claimant further experienced pain, anxiety, shock, and physical, mental and emotional suffering,

and continues to do so to date. He has in the past required and will in the future require medical treatment, care and attention and will be forced to expend money for same.

80. By the reason of the foregoing, Claimant claims monetary damages for the losses he suffered and will suffer, including damages for his conscious pain and suffering, past, present, and future; for his emotional and psychological stress, past, present, and future; for medical bills, past, present, and future; and for such other pecuniary losses as discovery may reveal.

81. This Claim is filed herein pursuant to statutes covering limitation of liability proceedings, 46 U.S.C. § 30501 et seq., and Claimant reserve all rights, including the right to trial by jury.

WHEREFORE, Claimant having fully answered, prays:

a. That an order be entered herein that Petitioner is not entitled to exoneration from liability herein;

b. That an order be entered herein that Petitioner is not entitled to limitation of liability herein;

c. That an order be entered that the occurrence referred to in the complaint happened with the privity and knowledge of the Petitioner;

d. That an order be entered that the Claimant be permitted to pursue the action stated within this claim with trial by jury to recover damages against the Petitioner for injuries and losses as aforesaid;

e. That if this Court does not allow the Claimant the right of a trial by jury to recover the aforesaid damages, then in such event that this action be dismissed and Claimant be allowed to assert his claim in the common law courts of the Commonwealth of Massachusetts.

f.      That an order be entered awarding interest and costs, punitive damages and such other and further relief as in law and justice he may be entitled to receive. By reason of the foregoing, Claimant claims damages in the amount to be assessed by the trier of fact.

By reason of the foregoing, Claimant claims damages in the amount to be assessed by the trier of fact, but greater than all jurisdictional limits.

Respectfully submitted,

ARISTIDE LEX,
By his attorneys,

Dennis P. Phillips
BBO # 398320
63 Shore Road, Suite 23
Winchester, MA 01890
P. (781) 789-3997
E. dppesq1@comcast.net

William Burke O'Leary
BBO # 378575
The O'Leary Law Firm
63 Shore Road, Suite 25
Winchester, MA 01890
P. (781) 729-5400
F. (781) 729-5620
E. bill@tuglaw.com

Dated: 12/17/2021

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I electronically filed the above filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties listed on the electronic service list within the CM/ECF system.

Dated at Winchester, Massachusetts this 17th day of December, 2021.

Douglas K. Sheff
Peter Chandler
Sheff Law Offices, P.C.
The Daniel Webster Suite
10 Tremont Street
Boston, MA 02108
DSheff@shefflaw.com
pchandler@shefflaw.com

Stesha A. Emmanuel
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
semmanuel@mccarter.com

Liam T. O'Connell
Farrell Smith O'Connell
46 Middle Street
Gloucester, MA 01930
loconnell@fsofirm.com

Carolyn M. Latti
Latti & Anderson, LLP
30 – 31 Union Wharf
Boston, MA 02109
clatti@lattianderson.com

Jessica G. Sullivan
Aviation, Space and Admiralty Litigation
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 14271
Washington, D.C. 20044
Jessica.Sullivan@usdoj.gov