UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 1:21-cv-11841

|  |  |
|---|---|
| IN THE MATTER OF ) | |
| RYAN DENVER AS OWNER OF ) | |
| M/V MAKE IT GO AWAY ) | IN ADMIRALTY |
| FOR EXONERATION FROM OR ) | |
| LIMITATION OF LIABILITY ) | |

## ANSWER AND CLAIM OF
## WILFRED JULCE, AS SPECIAL PERSONAL
## REPRESENTATIVE OF THE ESTATE OF JEANICA JULCE

**NOW COMES**, Claimant, Wilfred Julce, as Special Personal Representative of the Estate of Jeanica Julce, by and through his attorneys, Sheff Law Offices, P.C., hereby makes its Answer and Claim for a trial by jury and states and alleges as follows:

This Answer and Claim is being made under protest and without prejudice to the Claimant's contention that Plaintiff's Limitation Complaint is improper because this court lacks jurisdiction since Plaintiff failed to comply with the requirements of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and that the cause of the loss was within the privity and knowledge of the Plaintiff. Based on the foregoing, said Limitation Complaint should be dismissed and the temporary restraining order should be lifted so Claimants can proceed with a civil suit for damages.

## ANSWER OF WILFRED JULCE, AS SPECIAL
## PERSONAL REPRESENTATIVE OF THE ESTATE OF JEANICA JULCE

1. Claimant denies the allegations set forth in paragraph 1. Claimant further states that the Commonwealth of Massachusetts has either exclusive or concurrent jurisdiction.

2. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 2 and therefore denies the same. Claimant further states that the Commonwealth of Massachusetts has either exclusive or concurrent jurisdiction.

3. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3 and therefore denies the same.

4. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 4 and therefore denies the same.

5. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 5 and therefore denies the same.

6. Claimant denies the allegations set forth in paragraph 6.

7. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 7 and therefore denies the same.

8. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 8 and therefore denies the same.

9. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 9 and therefore denies the same.

10. Claimant denies the allegations set forth in paragraph 10.

11. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 11 and therefore denies the same.

12. Claimant denies the allegations set forth in paragraph 12.

13. Claimant denies the allegations set forth in paragraph 13.

14. Claimant denies the allegations set forth in paragraph 14

15. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 15 and therefore denies the same.

16. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 16 and therefore denies the same.

17. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 17 and therefore denies the same.

18. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 18 and therefore denies the same.

19. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 19 and therefore denies the same.

20. The allegation calls for a legal conclusion and, as such, no response is necessary, claimant therefore denies the allegations set forth in paragraph 20.

21. Claimant denies the allegations set forth in paragraph 21.

22. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 22 and therefore denies the same.

23. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 23 and therefore denies the same.

24. Claimant denies the allegations set forth in paragraph 24.

25. Claimant denies the allegations set forth in paragraph 25.

26. Claimant admits that Limitation Plaintiff was sent a letter of representation and notice of claim by counsel, on behalf of Wilfred and Evelyn Julce, for the wrongful death of their daughter, Jeanica Julce. Claimant denies the remaining allegations set forth in paragraph 26.

27. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 27 and therefore denies the same.

28. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 28 and therefore denies the same.

29. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 29 and therefore denies the same.

30. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 30 and therefore denies the same.

31. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 31 and therefore denies the same.

32. Claimant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 32 and therefore denies the same.

33. Claimant denies that Limitation Plaintiff is entitled to exoneration from liability and, as such, denies the allegations set forth in paragraph 33.

34. Claimant denies that Limitation Plaintiff is entitled to limitation of his liability and, as such, denies the allegations set forth in paragraph 34.

FURTHER ANSWERING, Claimant states that Limitation Plaintiff is not entitled to the relief sought in requests for relief set forth in paragraphs 1 through 5.

## AFFIRMATIVE DEFENSES

NOW COMES, Claimant, who incorporates the following affirmative defenses into each and every paragraph contained in their Answer to Plaintiff's Limitation Complaint as follows:

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, Limitation Plaintiff has failed to comply with Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, Claimant states Limitation Plaintiff's Complaint fails to state a claim upon which relief may be granted.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, Limitation Plaintiff was the operator of the vessel, and that he operated the vessel negligently and without due care, and is therefore not entitled to the relief sought in Plaintiff's Limitation Complaint.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the acts and/or omissions leading to the losses claimed by the Claimant were within the privity and knowledge of the Limitation Plaintiff.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the security Limitation Plaintiff posted and/or proposes to post is inadequate and insufficient to pay all losses in full, thus limitation should be denied, and the Court should order appropriate security to be filed in accordance with Supplemental Rule F.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, there was no comparative or contributory fault by Claimant.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, there is no right to exoneration of liability under the statutes alleged by Limitation Plaintiff to be applicable.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the injuries complained of by the Claimant are caused by or contributed to by the acts, omissions, fault, and negligence of the Limitation Plaintiff and/or Limitation Plaintiff's employees, agents, contractors, representatives, sub-contractors, and/or as a result of the violations of applicable laws, rules, statutes by the Limitation Plaintiff, and Limitation Plaintiff is thus liable to the Claimant herein for damages for pain, suffering and associated pecuniary losses.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, at the commencement of the voyage, the vessel was not seaworthy, was not fit for its intended purpose, was not properly manned, was not properly maintained, was not properly equipped, as required by the Admiralty Rules and by good and accepted maritime procedures and law and as further set forth in Claimant's claim below.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, there is no statutory authority by which Limitation Plaintiff may seek exoneration from liability for the incident underlying this petition, and, therefore, that portion of the Petition and Complaint must be dismissed.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the Limitation Plaintiff's failure to comply with the Admiralty rules invalidates the claim for exoneration from or limitation of liability filed by the Limitation Plaintiff, and thus, Limitation Plaintiff has waived its right to claim exoneration from and/or limitation of liability.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is discriminatory in that it favors vessel owners over the Claimant/Respondent, and deprives the said Claimant/Respondent of property rights without the due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the circumstances, activities acts and/or omissions culminating in the injuries to Claimant, and Claimant's resulting damages were not brought about by any negligence, fault, neglect or want of care on the part of Claimant, but rather, solely through the negligence, carelessness, recklessness, dereliction, fault, neglect or want of care of the Limitation Plaintiff and/or Limitation Plaintiff's agents, employees, representatives, contractors, subcontractors and/or crew, including, but not limited to, the vessel's master and officers, and/or the unseaworthiness of the vessel.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, Limitation Plaintiff, as owner and operator of the vessel, is not entitled to exoneration from, or limitation of liability pursuant to 46 U.S.C. § 30501, *et seq.*, for any and all loss,

damage, and/or injury caused by the incident underlying the Petition, or done, occasioned, or incurred on the voyage during which the Claimant sustained his injuries, because of the unseaworthy condition(s) of the vessel which were within the privity and knowledge of the Limitation Plaintiff.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the occurrence, incident, loss, damages, and/or injuries underlying this Petition and referred to in the Complaint were caused by or contributed to by the negligence of Limitation Plaintiff in its capacity as owner and operator of the subject vessel, and/or as a result of the Limitation Plaintiff's violations of applicable federal safety and operating regulations laws and/or statutes.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the security Limitation Plaintiff has posted and/or proposes to post is inadequate, and the court should order appropriate security to be filed in accordance with Supplemental Rule F.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, Limitation Plaintiff's proposed valuation of the vessel understates its value and the court should order Limitation Plaintiff to have a fair and adequate and prompt appraisal of the value of the vessel at the time of the accident.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the faults leading to Claimant's injuries underlying the claims were within the privity and knowledge of the Limitation Plaintiff.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the Limitation Plaintiff is not entitled to Exoneration from or Limitation of Liability or any protection, remedy, or relief under the act on the basis that he is not a party for whom the purpose of the Act was designed to protect and apply.

AND FURTHER ANSWERING AS A COMPLETE AND SEPARATE DEFENSE, the Limitation Plaintiff is not entitled to Exoneration from or Limitation of Liability or any protection, remedy, or relief under the Act because he was the owner operator at the helm of the offending vessel.

**WHEREFORE,** Claimant demands that this action be dismissed and that judgment enter in Claimant's favor together with costs, attorney's fees, and such further relief as this Court deems just and proper.

**CLAIMANT REQUESTS A TRIAL BY JURY ON
ALL ISSUES RAISED IN THE PETITION, ANSWER, AND CLAIMS**

## CLAIM OF WILFRED JULCE, AS SPECIAL
## PERSONAL REPRESENTATIVE OF THE ESTATE OF JEANICA JULCE

## GENERAL FACTUAL ALLEGATIONS

## PARTIES

1. Decedent, Jeanica K. Julce (hereinafter "Decedent"), is an individual who died on July 17, 2021, due to fatal injuries suffered in a fatal boat crash in Boston Harbor, and at all times relevant to this Complaint resided at 20 Melvin St., Apt. 1, Somerville, Massachusetts 02145.

2. Wilfred Julce, father of Decedent, is the Special Personal Representative of Decedent's estate.

3. Wilfred Julce has also filed to be the Personal Representative of the Estate, it is expected that such appointment will not be contested.

4. At all times relevant to this Claim, Wilfred Julce resided at 20 Melvin St., Apt. 1, Somerville, Massachusetts 02145.

5. Upon information and belief, at all relevant times, Limitation Plaintiff Ryan Denver (hereinafter "Denver") is believed to have resided at 50 Liberty Drive, Unit 6F, Boston, Massachusetts 02210.

## JURISDICTION AND VENUE

6. Claimant repeats, realleges, and reiterates each and every paragraph as if laid out separately herein.

7. This Claim is made pursuant to this Court's Order in this action, entitled "Order Directing Issuance of Notice and Enjoining Further Prosecution," dated November 16, 2021, requiring the filing of the present claim in the United States District Court for the District of Massachusetts.

8. The Claimant seeks relief under, *inter alia*, Massachusetts state law and General Maritime Law.

## FACTS

9. Claimant repeats, realleges, and reiterates each and every paragraph as if laid out separately herein.

10. On or about July 17, 2021, Limitation Plaintiff was driving his boat on the Boston Harbor.

11. At all relevant times, Limitation Plaintiff was the owner and operator of the boat.

12. At all relevant times, Limitation Plaintiff owed a duty of care to Decedent, a passenger on the boat, to operate the boat in a safe manner.

13. At approximately 3:00 a.m., on July 17, 2021, Limitation Plaintiff crashed the boat into day marker #5 near Castle Island.

14. As Limitation Plaintiff struck a stationary object, the accident is considered an allision, which shifts the burden back to Limitation Plaintiff for all causes of action stated herein.

15. As a direct and proximate result of the accident, Decedent was injured, ejected or otherwise forced from the boat into the water, which resulted in her eventually drowning and dying.

16. At the time of her death, Decedent was 27 years old.

## COUNT I (State)
## Massachusetts - Wrongful Death – Negligence (M.G.L. c. 229 § 2, *et seq.*)

17. Claimant repeats, realleges, and reiterates each and every paragraph as if laid out separately herein.

18. At all relevant times, Limitation Plaintiff had a duty to safely operate his boat and abide by the laws of the Commonwealth of Massachusetts.

19. On or about July 17, 2021, at approximately 3:00 a.m., Limitation Plaintiff breached this duty of care when Limitation Plaintiff carelessly, negligently, and unskillfully, operated, managed, or controlled the boat on a public body of water, in or about the Boston Harbor.

20. As a direct and proximate result of Limitation Plaintiff's negligent operation of the boat, the boat was caused to strike day marker #5 near Castle Island, resulting in an allision.

21. Limitation Plaintiff carelessly and negligently operated his boat on a public body of water by, *inter alia*, speeding, inattentive operation, unsafe navigation, failing to follow the rules of the water, failing to keep a proper lookout, failing to take

adequate safety precautions, losing control of the boat, and striking a stationary object.

22. As a direct and proximate result of Limitation Plaintiff's negligence, Decedent was caused to suffer serious injuries, conscious pain and suffering, and eventual drowning, resulting in her wrongful death.

23. As a direct and proximate result of Limitation Plaintiff's negligence, Decedent's next of kin are entitled to the fair monetary value of the loss of the decedent, including, but not limited to, compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, and all other damages recognized under law, including reasonable medical, funeral, and burial expenses incurred.

**WHEREFORE,** pursuant to M.G.L. c. 229, § 2 *et seq.*, Claimant respectfully demands judgment against Limitation Plaintiff Ryan Denver in an amount determined to be just and fair by this Court, and interest, costs, attorney's fees, and all other applicable damages recognized under law.

### COUNT II (State)
### Massachusetts – Wrongful Death
### Gross Negligence/Recklessness (M.G.L. c. 229 § 2, *et seq.*)

24. Claimant repeats, realleges, and reiterates each and every paragraph as if laid out separately herein.

25. At all relevant times, Limitation Plaintiff had a duty to safely operate his boat and abide by the laws of the Commonwealth of Massachusetts.

26. On or about July 17, 2021, at approximately 3:00 a.m., Limitation Plaintiff breached this duty of care when Limitation Plaintiff operated, managed, or controlled the boat on a public body of water, in or about the Boston Harbor, in a grossly negligence and/or reckless fashion.

27. As a direct and proximate result of Limitation Plaintiff's grossly negligent and/or reckless operation of the boat, the boat was caused to strike day marker #5 near Castle Island, resulting in an allision.

28. Limitation Plaintiff operated his boat on a public body of water, in a grossly negligence and/or reckless manner, by, *inter alia*, speeding, inattentive operation, unsafe navigation, failing to follow the rules of the water, failing to keep a proper lookout, failing to take adequate safety precautions, losing control of the boat, and striking a stationary object.

29. As a direct and proximate result of Limitation Plaintiff's gross negligence and/or recklessness, Decedent was caused to suffer serious injuries, conscious pain and suffering, and eventual drowning, resulting in her wrongful death.

30. As a direct and proximate result of Limitation Plaintiff's gross negligence and/or recklessness, Decedent's next of kin are entitled to the fair monetary value of the loss of the decedent, including, but not limited to, compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all other damages recognized under law, including reasonable medical, funeral, and burial expenses incurred.

**WHEREFORE,** pursuant to M.G.L. c. 229, § 2 *et seq.*, Claimant respectfully demands judgment against Limitation Plaintiff Ryan Denver in an amount determined to be just and fair by this Court, including punitive damages, as deemed appropriate, and interest, costs, attorney's fees, and all other applicable damages recognized under law.

31.

### COUNT III (State)
### Massachusetts - Conscious Pain and Suffering

32. Claimant repeats, realleges, and reiterates each and every paragraph as if laid out separately herein.

33. This action is brought to recover for the conscious pain and suffering and imminent fear of death of Decedent Jeanica Julce.

34. As the direct and proximate result of Limitation Plaintiff's negligence, Decedent was caused great pain and conscious suffering, including imminent fear of death, up to the moment of her demise.

**WHEREFORE,** Claimant, pursuant to state law, respectfully demands judgment against Limitation Plaintiff Ryan Denver, in an amount determined to be just and fair by this Court, and interest, costs, attorney's fees, and all other applicable damages recognized under law.

### COUNT IV (Federal)
### General Maritime Law – Wrongful Death

35. Claimant repeats, realleges, and reiterates each and every paragraph as if laid out separately herein.

36. At all relevant times, Limitation Plaintiff had a duty to safely operate his boat and abide by the laws of the Commonwealth of Massachusetts.

37. On or about July 17, 2021, at approximately 3:00 a.m., Limitation Plaintiff breached this duty of care when Limitation Plaintiff carelessly, negligently, and unskillfully, operated, managed, or controlled the boat on a public body of water, in or about the Boston Harbor.

38. As a direct and proximate result of Limitation Plaintiff's negligent operation of the boat, the boat was caused to strike day marker #5 near Castle Island, resulting in an allision.

39. Limitation Plaintiff carelessly and negligently operated his boat on a public body of water by, *inter alia*, speeding, inattentive operation, unsafe navigation, failing to follow the rules of the water, failing to keep a proper lookout, failing to take adequate safety precautions, losing control of the boat, and striking a stationary object.

40. As a direct and proximate result of Limitation Plaintiff's negligence, Decedent was caused to suffer serious injuries, conscious pain and suffering, and eventual drowning, resulting in her wrongful death.

41. As a direct and proximate result of Limitation Plaintiff's negligence, Decedent's next of kin are entitled to the fair monetary value of the loss of the decedent, including, but not limited to, compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, and all other damages recognized under law, including reasonable medical, funeral, and burial expenses incurred.

**WHEREFORE,** Claimant, pursuant to general maritime law, respectfully demands judgment against Limitation Plaintiff Ryan Denver in an amount determined to be just and fair by this Court, and interest, costs, attorney's fees, and all other applicable damages recognized under law.

### Count V (Federal)
### General Maritime Law – Conscious Pain and Suffering

42. Claimant repeats, realleges, and reiterates each and every paragraph as if laid out separately herein.

43. This action is brought to recover for the conscious pain and suffering and imminent fear of death of Decedent Jeanica Julce.

44. As the direct and proximate result of Limitation Plaintiff's negligence, Decedent was caused great pain and conscious suffering, including imminent fear of death, up to the moment of her demise.

**WHEREFORE,** Claimant, pursuant to general maritime law, respectfully demands judgment against Limitation Plaintiff Ryan Denver, in an amount determined to be just and fair by this Court, and interest, costs, attorney's fees, and all other applicable damages recognized under law.

### Count VI (Federal)
### General Maritime Law – Punitive Damages

45. Claimant repeats, realleges, and reiterates each and every paragraph as if laid out separately herein.

46. Claimant seeks punitive damages as Limitation Plaintiff's actions were so wanton and reckless as to demonstrate a conscious disregard of the rights of others.

**WHEREFORE,** Claimant, pursuant to general maritime law, respectfully demands judgment against Limitation Plaintiff Ryan Denver for an award of punitive damages in an amount determined to be just and fair by this Court, including interest, costs, attorney's fees, and all other applicable damages recognized under law.

**CLAIMANT DEMANDS TRIAL BY JURY AS TO ALL COUNTS.**

Respectfully submitted,

Plaintiff Wilfred Julce
Special Personal Representative,

By his Attorneys,

/s/ Douglas K. Sheff

_____
Douglas K. Sheff, BBO# 544072
Donald R. Grady, Jr., BBO# 544841
Peter R. Chandler, BBO# 703139
Julie N. DeNardo, BBO# 707101
SHEFF LAW OFFICES, P.C.
Ten Tremont Street, 7th Floor
Boston, MA 02108
(617) 227-7000
dsheff@shefflaw.com

dgrady@shefflaw.com<br>
pchandler@shefflaw.com<br>
jdenardo@shefflaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this 17th day of December 2021, I served a copy of the within document to all counsel of record via the Court ECF system pursuant to Local Rule 5.2. To the extent certain anticipated counsel are not yet counsel of record, the within document was served via e-mail.

| | |
|---|---|
| Stesha A. Emmanuel<br>McCarter & English, LLP<br>265 Franklin Street<br>Boston, MA 021 l 0<br>semmanuel@mccarter.com | Dennis P. Phillips<br>63 Shore Road, Suite 23<br>Winchester, MA 01890<br>dppesq1@comcast.net |
| Liam T. O'Connell<br>Farrell Smith O'Connell<br>46 Middle Street<br>Gloucester, MA 0 1930<br>loconnell@fsofirm.com | William Burke O'Leary<br>The O'Leary Law Firm<br>63 Shore Road, Suite 25<br>Winchester, MA 01890<br>bill@tuglaw.com |
| Carolyn M. Latti<br>Latti & Anderson, LLP<br>30 - 31 Union Wharf<br>Boston, MA 02109<br>clatti@lattianderson.com | Jessica G. Sullivan<br>Aviation, Space and Admiralty Litigation<br>United States Department of Justice<br>Civil Division, Torts Branch<br>P.O. Box 14271<br>Washington, D.C. 20044<br>Jessica.Sullivan@usdoj.gov |