UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN THE MATTER OF RYAN DENVER AS OWNER OF M/V MAKE IT GO AWAY FOR THE EXONERATION FROM OR LIMITATION OF LIABILITY <br><br> Plaintiffs, <br> v. <br><br> ABB INC., et al., <br><br> Defendants. | IN ADMIRALTY <br><br> CIVIL ACTION NO. 1-21-cv-11841 |

## ANSWER TO LIMITATION COMPLAINT AND CLAIM OF TORY GOVAN

Tory Govan ("Claimant") Answers Limitation Plaintiff Ryan Denver's Limitation Complaint ("Complaint") pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims as follows:

1. The allegations contained in Paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent they require a response, Claimant denies the allegations of Paragraph 1.

2. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore, denies same, except admits that the Vessel was operating in the Boston Harbor on navigable waters at the time of the accident.

3. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore, denies same.

4. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore, denies the same. Furthermore, and without confirming the truth to or accuracy of the make, model and component parts, Govan will use the term "Vessel" hereinafter.

5. Admits in part that there were a total of seven passengers, in addition to Limitation Plaintiff, aboard the Vessel on July 17, 2021. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore, denies the same.

## STATEMENT OF FACTS

6.  Admits only that Limitation Plaintiff navigated the Vessel on the night in question; however, Claimant denies all additional assertions or characterizations alleged by Limitation Plaintiff contained in Paragraph 6 of the Complaint.

7.  Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore, denies the same.

8.  Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore, denies the same.

9.  Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore, denies the same.

10. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore, denies the same.

11. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore, denies the same.

12. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore, denies the same. Answering further, Claimant denies the assertions and characterizations that the Limitation Plaintiff operated the Vessel in a proper manner and at an appropriate speed or that the Vessel was seaworthy, properly equipped and supplied, fit for its intended purpose and that Limitation Plaintiff used due diligence to make the Vessel seaworthy and safe.

13. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore, denies the same.

14. Claimant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Claimant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore, denies the same.

17. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore, denies the same.

18. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore, denies the same.

19. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore, denies the same.

ME1 38699836v.1

20. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore, denies the same.

21. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore, denies the same.

22. Claimants admits the allegations contained in Paragraph 22 of the Complaint.

23. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore, denies the same.

24. The allegations set forth in Paragraph 24 of the Complaint are based on legal conclusions and therefore, no answer is required. To the extent one is necessary, Claimant denies the allegations set forth in Paragraph 24.

25. The allegations set forth in Paragraph 25 of the Complaint are based on legal conclusions and therefore, no answer is required. To the extent one is necessary, Claimant denies the allegations set forth in Paragraph 25.

## NOTICE OF CLAIM

26. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore, denies the same.

27. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore, denies the same.

28. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore, denies the same.

29. The allegations set forth in Paragraph 29 of the Complaint are based on legal conclusions and therefore, no answer is required.

30. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore, denies the same.

31. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore, denies the same.

## VALUE

32. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore, denies the same.

## EXONERATION/LIMITATION

33. The allegations set forth in Paragraph 33 of the Complaint are based on legal conclusions and therefore, no answer is required. To the extent one is necessary, Claimant denies the allegations set forth in Paragraph 33.

34. The allegations set forth in Paragraph 34 of the Complaint are based on legal conclusions and therefore, no answer is required. To the extent one is necessary, Claimant denies the allegations set forth in Paragraph 34.

**WHEREFORE**, Limitation Plaintiff is not entitled to the relief set forth in paragraphs 1-5 of his Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a legally cognizable claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

There is no right to exoneration of liability under any federal statute alleged by Limitation Plaintiff that are applicable.

### THIRD AFFIRMATIVE DEFENSE

The incident and resulting damages which are the subject of the Complaint was caused by the fault, negligence, breach of warranty, statutory and regulatory violations of the Limitation Plaintiff and his agents, servants, contractors or employees and/or the unseaworthiness of the Vessel and, therefore, the Limitation Plaintiff's prayer for a decree of exoneration from liability must be denied.

### FOURTH AFFIRMATIVE DEFENSE

The incident and resulting damages which are the subject of the Complaint were caused by the fault, negligence, breach of warranty, statutory and regulatory violations of the Limitation Plaintiff, his agents, servants, contractors or employees and/or the unseaworthiness of the Vessel, with the privity and knowledge of the Limitation Plaintiff within the meaning of the Shipowner's Limitation of Liability Act, 46 U.S.C. § 183, et seq. and, therefore, the Limitation Plaintiff's prayer for a decree of limitation of liability must be denied.

### FIFTH AFFIRMATIVE DEFENSE

Limitation Plaintiff has failed to comply with the requirements of the Limitation of Liability Act, including, without limitation, the failure to deposit adequate and proper security for the claims arising out of the incident made the basis of the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

There is no comparative or contributory negligence by Claimant.

### SEVENTH AFFIRMATIVE DEFENSE

The injuries sustained by Claimant are caused by and contributed by the acts, omissions, fault and negligence of the Limitation Plaintiffs and his agents, servants, contractors or employees and/or as a direct result of violation of the applicable laws and statutes, and consequently, Limitation Plaintiff is liable for Claimant's damages, physical and mental, and any pecuniary losses.

### EIGHTH AFFIRMATIVE DEFENSE

The Vessel was not seaworthy, was not fit for its intended purpose, not properly maintained or equipment as required by federal admiralty rules and industry standards.

### NINTH AFFIRMATIVE DEFENSE

Limitation Plaintiff failed to comply with federal admiralty rules and therefore, any claim for exoneration or limitation of liability is invalidated, as Limitation Plaintiff, through his acts, omissions, fault and negligence waived such rights.

### TENTH AFFIRMATIVE DEFENSE

Limitation Plaintiff is not entitled to the exoneration or limitation of liability or any relief as he was the owner-operator of the Vessel.

### ELEVENTH AFFIRMATIVE DEFENSE

Limitation Plaintiff is not entitled to the exoneration or limitation of liability or any relief as he is not a party for whom the purpose of the Shipowner's Limitation of Liability Act, 46 U.S.C. § 183, et seq. was designed to protect.

**WHEREFORE,** Claimant Tory Govan respectfully request that this Court:

1. Enter an order dismissing the Limitation Plaintiff's Exoneration or Limitation of Liability Claim;

2. Enter an order allowing the Claimant to file her claim in a forum of her choosing;

3. Award Claimant relief, including attorneys' fees, costs and interests, and any additional relief as this Court may deem appropriate and just.

## **CLAIM OF TORY GOVAN**

Claimant Tory Govan,, through her attorney, respectfully alleges upon personal knowledge and information and belief, the following claims against Ryan Denver, owner and operator of the M/V MAKE IT GO AWAY (hereinafter, "Vessel") as follows:

### PARTIES

1. Claimant Tory Govan, who sustained injuries on July 17, 2021, at all relevant times to this Claim resided at 32 Jay Street, Somerville, MA 02144.

2. Upon information and belief, at all relevant times to this Claim, Limitation Plaintiff Ryan Denver, resided at 50 Liberty Drive, Unit 6F, Boston, MA 02210.

### JURISDICTION

3. Claimant repeats and realleges all of the answers provided in her Answer to Limitation Plaintiff's Complaint with the same force and effect as if set forth in its entirety.

4. This Claim is made pursuant to this Court's Order on November 16, 2021, entitled "Order Directing Issuance of Notice and Enjoining Further Prosecution", which required all individuals or entities with any claim in connection to the allision of the Vessel, file a claim in the United States District Court for the District of Massachusetts, on or before December 31, 2021.

5. Claimant brings her claim for damages pursuant to the provisions of general maritime law and applicable Massachusetts common law, statute or regulations.

6. Claimant is entitled to trial by jury pursuant to the Savings to Suitors Clause, 28 U.S.C. § 1333.

### BRIEF STATEMENT OF FACTS

7. Upon information and belief, Limitation Plaintiff Ryan Denver ("Denver") is the sole owner of M/V MAKE IT GO AWAY ("Vessel").

8. Upon information and belief, the Vessel was a 2021 recreational speedboat that was 37 feet, 11 inches, Model DC 365 with three 2020 Yamaha 300 HP engines.

9. On July 17, 2021, Denver invited Tory Govan, among others, to come aboard the Vessel as a guest.

10. On July 17, 2021, Denver failed to exercise reasonable care as owner and operator of the Vessel.

11. Denver was unfit, incompetent and lack experienced, thereby rendering the vessel unsafe and unseaworthy.

ME1 38699836v.1

12. On July 17, 2021, Denver negligently and recklessly operated the Vessel and allied with the navigational aid Daymarker No. 5 near Castle Island, causing the Vessel to take in water.

13. On July 17, 2021, and as a direct result of Denver's negligence and recklessness, all seven passengers, including Claimant, was forced into the water.

14. As a direct and proximate result of Denver's negligence and recklessness, Claimant sustained injuries including but not limited to her left leg, left pelvic and abrasions, along with psychological injuries. Moreover, as a result of the accident, Claimant experienced pain, severe anxiety and physical, mental and emotional suffering that continues to this date.

15. As a direct and proximate result of Denver's negligence and recklessness, Claimant claims monetary damages for the losses she has and will continue to suffer, including conscious pain and suffering, emotional and psychological distress, medical expenses, loss of income and other pecuniary losses that discovery may reveal.

16. The injuries sustained by Claimant were not caused or contributed by any action, fault or negligence of the Claimant. Rather, the injuries were caused by the negligence and recklessness of Denver, his agents, servants, contractors or employees and/or the unseaworthiness of the Vessel.

17. Denver and his agents, servants, contractors or employees failed to properly maintain the Vessel.

18. Denver operated the Vessel on navigable waters in an unsafe and unseaworthy condition, was an inattentive operator, in excessive speed and failed to properly staff and navigate the Vessel.

19. Denver operated the Vessel on navigable waters in an unsafe and unseaworthy condition with the privity and knowledge of Denver prior to commencement of the voyage and while the Vessel was underway.

20. Claimant reserves the right to make additional claims against Denver and the Vessel as discovery continues.

**WHEREFORE**, Claimant pursuant to general maritime law, respectfully demands judgment against Limitation Plaintiff Ryan Denver and award Claimant relief, including attorneys' fees, costs and interests, and any additional relief as this Court may deem appropriate and just.

**CLAIMANT DEMAND TRIAL BY JURY AS TO ALL CLAIMS.**

>Respectfully submitted,
>Tory Govan,
>By her attorney,
>
>_/s/ Stesha A. Emmanuel_____
>Stesha A. Emmanuel (BBO #: 682293)
>cmohan@mccarter.com
>semmanuel@mccarter.com
>McCarter & English LLP
>265 Franklin Street
>Boston, MA 02110
>Phone: 617-449-6511

Dated: December 21, 2021

## CERTIFICATE OF SERVICE

I, Stesha A. Emmanuel, certify that on this 21st day of December 2021, I served a copy of the foregoing document to all counsel of record via Court ECF system pursuant to Local Rule 5.2 and mail:

Liam T O'Connell
Farrell Smith O'Connell
46 Middle Street
Gloucester, MA 01930
loconnell@fsofirm.com

Caroyln M. Latti
Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA 02109
clatti@lattianderson.com

William B. O'Leary
The O'Leary Law Firm
63 Shore Road Suite #25
Winchester, MA 01890
Bill@TugLaw.com

Douglas K. Sheff
Peter Chandler
Donald Grady
Julie DeNardo
Sheff Law Offices, P.C.
Ten Tremont Street
The Daniel Webster Suite, 7th Floor
Boston, Massachusetts 02108
dsheff@shefflaw.com
pchandler@shefflaw.com
dgrady@shefflaw.com
jdenardo@shefflaw.com

ME1 38699836v.1

Dennis P. Phillips
63 Shore Road, Suite 23
Winchester, MA 01890
Dppesq1@comcast.net

Jessica G. Sullivan
Aviation, Space and Admiralty Litigation
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 14271
Washington, D.C. 20044
Jessica.sullivan@usdoj.gov

                                                          */s/ Stesha A. Emmanuel*
                                                          Stesha A. Emmanuel