THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF                      ) | |
| RYAN DENVER AS OWNER OF      ) | |
| M/V MAKE IT GO AWAY,                ) | Civ. Act. No. : 21-cv-11841 |
| FOR EXONERATION FROM           ) | |
| OR LIMITATION OF LIABILITY      ) | |
|                                                        ) | |

### CLAIMANT MUSSE KASSA'S CLAIM AND DEMAND FOR JURY TRIAL

Now comes the Claimant, Musse Kassa, in the above-entitled action, by his attorneys, and states as follows:

This Claim is being made under protest and without prejudice to the affirmative defenses set forth in the Answer of Musse Kassa, and the Claimant's contention that Plaintiff's Limitation and Exoneration Complaint is improper because this court lacks jurisdiction since Plaintiff failed to comply with the requirements of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the United States District Court for the District of Massachusetts and that the negligence and that the fault of the Allision was within the privity and knowledge of the Plaintiff.  Based on the foregoing, said Complaint for Exoneration from and/or Limitation of Liability should be dismissed, and the temporary restraining order should be lifted so Claimant can proceed with a civil suit.

### THE PARTIES

1. The Claimant, Musse Kassa, is a resident of Belmont, County of Middlesex, Commonwealth of Massachusetts.

2. The Plaintiff, Ryan Denver, is a resident of New Hampshire.

### GENERAL FACTUAL ALLEGATIONS

3. The M/V MAKE IT GO AWAY is a recreational 37-foot speedboat.

4. On or about July 17, 2021, the Plaintiff, Ryan Denver, owned the speedboat MAKE IT GO AWAY.

5. On or about July 17, 2021, the Plaintiff, Ryan Denver, operated the speedboat MAKE IT GO AWAY.

6. On or about July 17, 2021, Plaintiff, Ryan Denver, controlled the speedboat MAKE IT GO AWAY.

7. On or about July 17, 2021, the Plaintiff, Ryan Denver, chartered the speedboat MAKE IT GO AWAY from some other person or entity such that on or about July 17, 2021, the Plaintiff, Ryan Denver, was the owner *pro hac vice* of the speedboat MAKE IT GO AWAY.

8. On or about July 17, 2021, the Claimant, Musse Kassa, was a passenger and invitee lawfully aboard the speedboat MAKE IT GO AWAY.

9. On or about July 17, 2021, the speedboat MAKE IT GO AWAY was in navigable waters.

10. On or about July 17, 2021, the Plaintiff, Ryan Denver operated the speedboat MAKE IT GO AWAY at a high rate of speed and allided into a known stationary object.

11. On or about July 17, 2021, and while a passenger lawfully aboard the speedboat MAKE IT GO AWAY, the Claimant, Musse Kassa, sustained neurological and orthopedic injuries when the speedboat MAKE IT GO AWAY allided into a known stationary object.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Claimant, Musse Kassa, was exercising due care.

13. This claim is being brought pursuant to general maritime law.

## COUNT I—NEGLIGENCE
## GENERAL MARITIME LAW
### Musse Kassa v. Ryan Denver

14. The Claimant, Musse Kassa, reiterates the allegations set forth in paragraphs 1-13 above.

15. The Plaintiff had a duty to use reasonable care in connection with the ownership and operation of the speedboat MAKE IT GO AWAY.

16. The personal injuries sustained by the Claimant, Musse Kassa, was not caused by any fault on his part but was caused by the negligence of the Plaintiff, Ryan Denver; including but not limited to:

    a. operated said speedboat without due care for the rights and safety of the Claimant Kassa and others;

    b. operated the vessel while intoxicated and/or under the influence of drugs in violation of local, state and federal laws;

    c. failed to follow and/or adhere to the applicable Rules of the Road, Inland Navigational Rules, and/or other applicable statutes or regulations;

    d. operated the speedboat in an unsafe, erratic manner;

    e. failed to provide a reasonably safe seaworthy speedboat;

    f. failed to properly maintain and repair the speedboat and its equipment;

    g. failed to provide the proper equipment and safety equipment for said speedboat;

    h. failed to provide any warnings and/or instructions to passengers;

    i. failed to warn the Claimant Kassa and others of dangerous and hazardous conditions he knew about, or reasonably should have known about;

    j. was not competent and lacked the necessary skills and experience to operate said speedboat;

    k.  and, other negligent acts and omissions that will be proved at trial.

17. As a result of said personal injuries, the Claimant, Musse Kassa, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Claimant, Musse Kassa, demands judgment against the Plaintiff, Ryan Denver, in an amount to be determined by a jury, together with interests and costs.

**COUNT II—GROSS NEGLIGENCE**
**GENERAL MARITIME LAW**
**Musse Kassa v. Ryan Denver**

18. The Claimant, Musse Kassa, reiterates the allegations set forth in paragraphs 1-13 above.

19. The personal injuries sustained by the Claimant, Musse Kassa, was not caused by any fault on his part but was caused by the Plaintiff's, Ryan Denver's, gross negligence, outrageous and/or reckless conduct, including, without limitation, in the following manners:

    a.  operated said speedboat without due care for the rights and safety of the Claimant Kassa and others;

    b.  operated the vessel while intoxicated and/or under the influence of drugs in violation of local, state and federal laws;

    c.  failed to follow and/or adhere to the applicable Rules of the Road, Inland Navigational Rules, and/or other applicable statutes or regulations;

    d.  operated the speedboat in an unsafe, erratic manner;

    e.  was grossly and/or recklessly inattentive to the navigation and/or operations of the vessel causing it to strike a known stationary object;

    f.  failed to provide a reasonably safe seaworthy speedboat;

  g. failed to properly maintain and repair the speedboat and its equipment;

  h. failed to provide the proper equipment and safety equipment for said speedboat;

  i. failed to provide any warnings and/or instructions to passengers;

  j. failed to warn the Claimant Kassa and others of dangerous and hazardous conditions he knew about, or reasonably should have known about;

  k. was not competent and lacked the necessary skills and experience to operate said speedboat;

  l. and, other negligent acts and omissions that will be proved at trial.

20. As a result of said personal injuries, the Claimant, Musse Kassa, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Claimant, Musse Kassa, demands judgment against the Plaintiff, Ryan Denver, in an amount to be determined by a jury, together with interests and costs and punitive damages.

**THE CLAIMANT DEMANDS TRIAL BY JURY AS TO ALL ISSUES RAISED IN THIS CLAIM**

                                              **Respectfully submitted for the**
                                              **the Claimant/Defendant, MUSSE KASSA**
                                              **by his attorney,**

                                              /s/ Carolyn M. Latti
                                              Carolyn Latti
                                              BBO # 567394
                                              David F. Anderson
                                              BBO#560-994
                                              Latti & Anderson LLP
                                              30-31 Union Wharf
                                              Boston, MA 02109
                                              (617) 523-1000
                                              clatti@lattianderson.com
                                              danderson@lattianderson.com

Dated:  December 29, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that on December 29, 2021, I electronically filed the above document with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter.

                                              /s/  Carolyn M. Latti
                                              Carolyn M. Latti