UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF<br>RYAN DENVER AS OWNER OF<br>M/V MAKE IT GO AWAY,<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | CIVIL ACTION NO. 21-11841-ADB<br>IN ADMIRALTY |

**LIMITATION PLAINTIFF'S ANSWER TO CLAIM OF WILFRED JULCE, AS SPECIAL PERSONAL REPRESENTATIVE OF THE ESTATE OF JEANICA JULCE, AND AFFIRMATIVE DEFENSES**

Now comes Limitation Plaintiff Ryan Denver by and through his undersigned counsel, and answers the Claim of Wilfred Julce, as Special Personal Representative pf the Estate of Jeanica Julce, ECF No. 9, as follows:

## ANSWER

### General Factual Allegations

### Parties

1. Limitation Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the averments and therefore Denies them and calls upon Claimant to prove the same.

2. Limitation Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the averments and therefore Denies them and calls upon Claimant to prove the same.

3. Limitation Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the averments and therefore Denies them and calls upon Claimant to prove the same.

4. Limitation Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the averments and therefore Denies them and calls upon Claimant to prove the same.

5. Admitted.

## Jurisdiction and Venue

6. No response is required, but to the extent that a response is necessary: Limitation Plaintiff reasserts each and every answer above as if fully incorporated herein.

7. No response is required because ¶ 7 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that the Court issued an order on November 16, 2021.

8. No response is required because ¶ 8 of the claim contains conclusions of law. To the extent that a response is necessary: Limitation Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the averments and therefore Denies them and calls upon Claimant to prove the same.

## Facts

9. No response is required, but to the extent that a response is necessary: Limitation Plaintiff reasserts each and every answer above as if fully incorporated herein.

10. Admitted.

11. Admitted.

12. No response is required because ¶ 12 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff owed a duty of care to Decedent, as she was a passenger on his Vessel, but Denied as to the remaining averments.

13. Admitted that Limitation Plaintiff's Vessel allied with Daymarker # 5, which is in the vicinity of Castle Island, at approximately 2:47 a.m. on July 17, 2021, but Denied as to the remaining averments.

14. No response is required because ¶ 14 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff's Vessel allided with Daymarker # 5, but Denied as to the remaining averments.

15. No response is required because ¶ 15 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Decedent entered the water after the allision, along with the other six (6) passengers and Limitation Plaintiff, and that she eventually died by drowning, but Denied as to the remaining averments.

16. Admitted.

## Count I

17. No response is required, but to the extent that a response is necessary: Limitation Plaintiff reasserts each and every answer above as if fully incorporated herein.

18. No response is required because ¶ 18 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff owed a duty of care to Decedent, as she was a passenger on his Vessel, but Denied as to the remaining averments.

19. No response is required because ¶ 19 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff operated his Vessel on July 17, 2021, in or on the Boston Harbor, but Denied as to the remaining averments.

20. No response is required because ¶ 20 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff's Vessel allided with Daymarker # 5, but Denied as to the remaining averments.

21. No response is required because ¶ 21 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

22. No response is required because ¶ 22 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

23. No response is required because ¶ 23 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

## Count II

24. No response is required, but to the extent that a response is necessary: Limitation Plaintiff reasserts each and every answer above as if fully incorporated herein.

25. No response is required because ¶ 24 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff owed a duty of care to Decedent, as she was a passenger on his Vessel, but Denied as to the remaining averments.

26. No response is required because ¶ 25 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff operated his Vessel on July 17, 2021, in or on the Boston Harbor, but Denied as to the remaining averments.

27. No response is required because ¶ 26 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff's Vessel allided with Daymarker # 5, but Denied as to the remaining averments.

28. No response is required because ¶ 28 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

29. No response is required because ¶ 29 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

30. No response is required because ¶ 30 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

31. [*sic*].  Denied.

## Count III

32. No response is required, but to the extent that a response is necessary: Limitation Plaintiff reasserts each and every answer above as if fully incorporated herein.

33. No response is required because ¶ 33 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

34.  No response is required because ¶ 33 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

## Count IV

35. No response is required, but to the extent that a response is necessary: Limitation Plaintiff reasserts each and every answer above as if fully incorporated herein.

36. No response is required because ¶ 36 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff owed a duty of care to Decedent, as she was a passenger on his Vessel, but Denied as to the remaining averments.

37. No response is required because ¶ 37 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff operated his Vessel on July 17, 2021, in or on the Boston Harbor, but Denied as to the remaining averments.

38. No response is required because ¶ 38 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff's Vessel allided with Daymarker # 5, but Denied as to the remaining averments.

39. No response is required because ¶ 39 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

40. No response is required because ¶ 40 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

41. No response is required because ¶ 41 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

## Count V

42. No response is required, but to the extent that a response is necessary: Limitation Plaintiff reasserts each and every answer above as if fully incorporated herein.

43. No response is required because ¶ 33 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

44. No response is required because ¶ 33 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

## Count VI

45. No response is required, but to the extent that a response is necessary: Limitation Plaintiff reasserts each and every answer above as if fully incorporated herein.

46. No response is required because ¶ 33 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

## AFFIRMATIVE DEFENSES

Limitation Plaintiff further answers and provides the below separate affirmative defenses:

1. Limitation Plaintiff is not responsible for the Claimant's damages.

2. Limitation Plaintiff states that on or about July 17, 2021, the M/V MAKE IT GO AWAY was seaworthy and the vessel, its crew and appurtenances were reasonably fit for the vessel's intended purpose.

3. The purported actions or inactions of Limitation Plaintiff were not the proximate cause of Decedent's death, but rather her death the result of other intervening and superseding causes for which Limitation Plaintiff is not responsible.

4. Decedent's death was caused by her own intentional actions and for which Limitation Plaintiff is not responsible.

5. Decedent's death resulted in whole or in part from the acts or omissions of third parties over whom the Limitation Plaintiff exercised no direction or control and for whom the Limitation Plaintiff is not legally responsible.

6. Decedent's death was caused solely by the acts or omissions of Third-Party Defendant Lee Rosenthal, over whom the Plaintiff exercised no direction or control and for whom Limitation Plaintiff is not legally responsible.

7. Decedent's death was the result of an unavoidable accident due to the defective Daymarker No. 5 and unmarked/unlit pilings.

8. Decedent's death was due in whole or in part to her own negligence and failure to exercise the degree of care necessary and was not due to any negligence or fault on the

part of Limitation Plaintiff nor any person or persons for whom Limitation Plaintiff may be legally responsible.

9. Decedent's death was due in whole or in part from a known and open and obvious condition.

10. Decedent's death was due to her consumption of alcohol and/or drugs.

11. Decedent failed to mitigate her damages.

12. Decedent's death was without the fault, knowledge, or privity of Limitation Plaintiff; that the Claimant's alleged damages exceed the value of the vessel, including her pending freight; and Limitation Plaintiff herewith claims the benefit of any and all laws and statutes of the United States of America, including but not limited to, the Limitation of Liability Act, 46 U.S.C. §30501, et. seq. as more fully pled in its Limitation Complaint, ECF No. 1.

13. If liability is found in favor of Claimant, which is specifically denied, then the damages must be reduced proportionally by the degree of negligence [comparative fault] on the part of Decedent and other third parties pursuant to the General Maritime Law.

14. Limitation Plaintiff claims the benefit of any and all such further Affirmative Defenses that become apparent as discovery progresses and reserves the right to assert the same.

## RELIEF SOUGHT

WHEREFORE Limitation Plaintiff Ryan Denver, as owner of the M/V MAKE IT GO AWAY, requests the following relief:

1. That the Court adjudge Limitation Plaintiff not liable or that if Limitation Plaintiff is held liable in any part, his liability shall be limited at a maximum to the value of his $50,000 interest in the Vessel after the accident.
2. That Claimant is not entitled to a jury trial.
3. That Limitation Plaintiffs be provided such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED on January 3, 2021,

        RYAN DENVER
        By his counsel,

        */s/ Liam T. O'Connell*
        David J. Farrell, Jr. (BBO #559847)
        Liam T. O'Connell (BBO # 694477)
        Kirby L. Aarsheim (BBO #678774)
        **FARRELL SMITH O'CONNELL AARSHEIM APRANS LLP**
        46 Middle Street, Second Floor
        Gloucester, MA  01930
        (978) 744-8918 x 18
        loconnell@fsofirm.com

## **CERTIFICATE OF SERVICE**

     Pursuant to Local Rule 5.2, I served this brief on all attorneys of record via the ECF/CM system on January 3, 2021.

        */s/ Liam T. O'Connell*
        Liam T. O'Connell