UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF<br>RYAN DENVER AS OWNER OF<br>M/V MAKE IT GO AWAY,<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | CIVIL ACTION NO. 21-11841-ADB<br>IN ADMIRALTY |

**LIMITATION PLAINTIFF'S ANSWER TO CLAIM OF MARZOUK ONIFADE AND AFFIRMATIVE DEFENSES**

Now comes Limitation Plaintiff Ryan Denver by and through his undersigned counsel, and answers the Claim of Marzouk Onifade, ECF No. 13, as follows:

### ANSWER

### Claim of Marzouk Onifade

No response is necessary to Claimant Marzouk Onifade's first, unnumbered, introductory paragraph.

55. No response is required, but to the extent that a response is necessary: Limitation Plaintiff repeats and realleges the entirety of his Limitation Complaint, ECF No. 1, and Third Party Complaint against Lee Rosenthal, ECF No. 19, with the same force and effect as if set forth in its entirety herein.  Further answering: Limitation Plaintiff Denies each and every allegation within Claimant Marzouk Onifade's Answer, ECF No. 13, which is/are inconsistent with the respective allegations within his Limitation Complaint.

56. No response is required because ¶ 56 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that the Court's jurisdiction of Claimant Onifade's Claim is provided under its Admiralty jurisdiction and made pursuant to General Maritime Law but Denied as to the remaining averments.

57. No response is required because ¶ 57 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted, relying on "the Vessel" as enumerated in ¶ 57 to be the same vessel described in ¶ 63 of Claimant Onifade's Claim.

58. No response is required because ¶ 58 of the claim contains conclusions of law. To the extent that a response is necessary: Limitation Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the averments and therefore Denies them and calls upon Claimant to prove the same.

59. No response is required because ¶ 59 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

## The Parties and Brief Statement of Facts

60. Admitted.

61. No response is required because ¶ 61 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted.

62. No response is required because ¶ 62 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted.

63. Admitted.

64. No response is required because ¶ 64 of the claim contains conclusions of law. To the extent that a response is necessary: Denied that the Vessel was operated at an unreasonable or unsafe rate of speed, but Admitted as to the remaining averments.

65. Admitted that Limitation Plaintiff and his seven passengers, including Claimant Onifade, entered the waters after the allision on July 17, 2021, but Denied as to the remaining averments.

66. No response is required because ¶ 66 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

67. No response is required because ¶ 67 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff was operating the Vessel on July 17, 2021, but Denied as to the remaining averments.

68. No response is required because ¶ 68 of the claim contains conclusions of law. To the extent that a response is necessary: Admitted that Limitation Plaintiff was operating the Vessel on July 17, 2021, but Denied as to the remaining averments.

69. No response is required because ¶ 69 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

70. No response is required because ¶ 70 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

71. No response is required because ¶ 71 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

72. No response is required because ¶ 72 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

73. No response is required because ¶ 73 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

74. No response is required because ¶ 73 of the claim contains conclusions of law. To the extent that a response is necessary: Denied as to the first sentence; as to the second sentence, Admitted that Claimant Onifade had to be rescued from Boston Harbor's navigable waters, but Limitation Plaintiff lacks knowledge or information sufficient to form a belief as to the

truth of the remaining averments and therefore Denies them and calls upon Claimant to prove the same.

75. No response is required because ¶ 75 of the claim contains conclusions of law. To the extent that a response is necessary: Denied.

76. No response is required because ¶ 76 of the claim contains conclusions of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

   A. No response is required because ¶ 76.A. of the claim contains conclusion of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

   B. No response is required because ¶ 76.B. of the claim contains conclusion of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

   C. No response is required because ¶ 76.C. of the claim contains conclusion of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

   D. No response is required because ¶ 76.D. of the claim contains conclusion of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

   E. No response is required because ¶ 76.E. of the claim contains conclusion of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

      F.    No response is required because ¶ 76.F. of the claim contains conclusion of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

      G.    No response is required because ¶ 76.G. of the claim contains conclusion of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

77. No response is required because ¶ 77 of the claim contains conclusions of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

78. No response is required because ¶ 78 of the claim contains conclusions of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

79. No response is required because ¶ 79 of the claim contains conclusions of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

80. No response is required because ¶ 80 of the claim contains conclusions of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

81. No response is required because ¶ 81 of the claim contains conclusions of law. To the extent that a response is necessary: Denied and Limitation Plaintiff calls upon Claimant to prove same.

**AFFIRMATIVE DEFENSES**

Limitation Plaintiff further answers and provides the below separate affirmative defenses:

1. Limitation Plaintiff states that he is not responsible for Claimant's alleged damages.

2. Limitation Plaintiff states that on or about July 17, 2021, the M/V MAKE IT GO AWAY was seaworthy and the vessel, its crew and appurtenances were reasonably fit for the Vessel's intended purpose.

3. Limitation Plaintiff states that if Claimant sustained personal injuries as alleged, which is specifically denied, the purported actions or inactions of Limitation Plaintiff were not the proximate cause of Claimant's alleged personal injuries, but said injuries, if any, were the result of other intervening and superseding causes for which Limitation Plaintiff is not responsible.

4. Limitation Plaintiff states that if Claimant sustained personal injuries as alleged, which is specifically denied, Claimant's injuries was caused by the Claimant's own intentional actions and for which Limitation Plaintiff is not responsible.

5. Limitation Plaintiff states that if Claimant sustained personal injuries as alleged, which is specifically denied, said injuries resulted in whole or in part from the acts or omissions of third parties over whom Limitation Plaintiff exercised no direction or control and for whom Limitation Plaintiff is not legally responsible.

6. Limitation Plaintiff states that if Claimant sustained personal injuries as alleged, which is specifically denied, said injuries resulted in whole or in part from the acts or omissions of Third-Party Defendant, Lee Rosenthal and his vessel, over whom Limitation Plaintiff exercised no direction or control and for whom Limitation Plaintiff is not legally responsible.

7. Claimant Marzouk Onifade has failed to state a claim.

8. Limitation Plaintiff states that if Claimant sustained damages as alleged, which is specifically denied, said alleged damage was the result of an unavoidable accident.

9. Limitation Plaintiff states that if Claimant sustained damages as alleged, which is specifically denied, said alleged damage was the result of an unavoidable accident due to the defective Daymarker No. 5 and unmarked pilings.

10. Limitation Plaintiff states that if Claimant sustained personal injuries as alleged, which is specifically denied, it was due to an Act of God for which Limitation Plaintiff is not legally responsible.

11. Limitation Plaintiff states that if Claimant sustained personal injuries as alleged, which is specifically denied, it was due in whole or in part to Claimant's own negligence and failure to exercise due care and was not due to any negligence or fault on the part of Limitation Plaintiff nor any person or persons for whom Limitation Plaintiff may be legally responsible.

12. Limitation Plaintiff states that if Claimant sustained personal injuries as alleged, which is specifically denied, said injury resulted in whole or in part from a known and open and obvious condition.

13. Limitation Plaintiff states that if Claimant sustained personal injuries as alleged, which is specifically denied, it was due to Claimant's pre-existing medical conditions and/or prior existing injury/trauma.

14. Limitation Plaintiff states that if Claimant was injured as alleged, which is specifically denied, such injury was without the fault, privity, or knowledge of Limitation Plaintiff; that the damages claimed herein exceed the value of the vessel, including her pending freight;

and Limitation Plaintiff herewith claims the benefit of any and all laws and statutes of the United States of America, including but not limited to, the Limitation of Liability Act, 46 U.S.C. §30501, et. seq. as more fully pled in his Limitation Complaint, ECF No. 1.

15. Limitation Plaintiff states that Claimant has failed to mitigate his damages.

16. Limitation Plaintiff states that if liability is found in favor of Claimant, which is specifically denied, then the damages must be reduced proportionally by the degree of negligence [comparative fault] on the part of Claimant and other parties pursuant to the General Maritime Law.

17. Limitation Plaintiff claims the benefit of any and all such further Affirmative Defenses that become apparent as discovery progresses and reserves the right to assert the same.

## THIRD PARTY COMPLAINT

Limitation Plaintiff expressly incorporates his Third Party Complaint against Lee Rosenthal, ECF No. 19, with the same force and effect as if set forth in its entirety herein.

## RELIEF SOUGHT

WHEREFORE Limitation Plaintiff Ryan Denver, as owner of the M/V MAKE IT GO AWAY, requests the following relief:

1. That the Court adjudge Limitation Plaintiff not liable or that if Limitation Plaintiff is held liable in any part, his liability shall be limited at a maximum to the value of his $50,000 interest in the Vessel after the accident.

2. That Claimant is not entitled to a jury trial.

3. That Limitation Plaintiffs be provided such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED on January 18, 2022,

        RYAN DENVER
        By his counsel,

        */s/ Liam T. O'Connell*
        David J. Farrell, Jr. (BBO #559847)
        Liam T. O'Connell (BBO # 694477)
        Kirby L. Aarsheim (BBO #678774)
        **FARRELL SMITH O'CONNELL AARSHEIM APRANS LLP**
        46 Middle Street, Second Floor
        Gloucester, MA  01930
        (978) 744-8918 x 18
        loconnell@fsofirm.com

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.2, I served the document herein on all attorneys of record via the ECF/CM system on January 18, 2022.

        */s/ Liam T. O'Connell*
        Liam T. O'Connell