UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| In Re: | |
|---|---|
| RYAN DENVER as Owner of M/V MAKE IT GO AWAY, for Exoneration from or Limitation of Liability | C.A. No. 1:21-cv-11841-ADB |

**THIRD-PARTY DEFENDANT LEE ROSENTHAL'S**
**ANSWER TO THIRD PARTY COMPLAINT**
**(WITH JURY CLAIM)**

The putative third-party defendant Lee Rosenthal ("Rosenthal") by his attorneys hereby answers the Third-Party Complaint against him, docket document 19. The paragraphs here are numbered to correspond to the paragraphs of the Third-Party Complaint.

1. Admits on information that the Petitioner and plaintiff Ryan Denver ("Petitioner") is the owner of the vessel involved in the accident at issue and otherwise is without sufficient information to admit or deny the allegations of paragraph 1 and therefore denies same (hereafter, from the word "otherwise" through the word "paragraph" together, "is without sufficient information and therefore denies")

2. Admits paragraph 2 as to his residence and admits he was operating a recreational vessel, otherwise denied.

3. Admits on reliable information that Ms. Julce was a passenger aboard the vessel operated by the Petitioner and otherwise is without sufficient information and therefore denies the allegations of paragraph 3.

4. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 4.

5. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 5.

6. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 6.

7. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 7.

8. Denied.

9. Denied.

10. This allegation purports to incorporate other documents and no response is required; to the extent any response is required, liability is denied; otherwise, is without sufficient information and therefore denies the allegations of paragraph 10.

11. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 11.

12. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 12.

13. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 13.

14. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 14.

15. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 15.

16. Admits that he with other passengers were on board a recreational boat, otherwise, denied.

17. Admits he operated a boat within Boston Inner Harbor on the night in question with several passengers on board and, otherwise, denies the allegations of paragraph 17.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied. Third-Party Defendant states further there is no fish door on the boat.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Admitted that a 911 call was made but rescue personnel were already summoned, otherwise denied.

35. Denied.

36. Admitted that rescue was already en route, otherwise denied.

37. Denied.

38. Denied that Third-Party Defendant caused or contributed to the passengers' damages; otherwise, is without sufficient information and therefore denies the allegations of paragraph 38.

39. Denied.

40. Denied. Third-Party Defendant further states that he did not cause or contribute to any fatality, injury or harm suffered or sustained by the Third-Party Plaintiff's passengers.

41. Denied.

42. Denied.

43. Admitted that emergency personnel promptly arrived and rendered aid, otherwise denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 48.

49. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 49.

50. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 50.

51. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 51.

52. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 52.

53. Third-Party Defendant is without sufficient information and therefore denies the allegations of paragraph 53.

## Count I - Negligence

54. The answers to paragraphs 1 through 53 are incorporated by reference herein.

55. Denied.

56. Contains purported statement of law to which no response is required.

57. Contains purported statement of law to which no response is required.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## Count II - Gross Negligence

65. The answers to paragraphs 1 through 64 are incorporated by reference herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

Count III - Contribution

74. The answers to paragraphs 1 through 73 are incorporated by reference herein.

75. Admitted.

76. Denied.

77. Denied.

Count IV (misnumbered as VI) - Indemnity

78. The answers to paragraphs 1 through 77 are incorporated by reference herein.

79. Admitted that all injury and harm were caused solely by Denver's negligence and conduct.

80. Denied.

81. Contains purported statement of law to which no response is required.

82. Denied.

83. Denied.

<b>FIRST AFFIRMATIVE DEFENSE</b>

The Petition and Third-Party Complaint should be dismissed because the Petitioner had privity and knowledge making him personally liable for the accident at issue in this case.

**SECOND AFFIRMATIVE DEFENSE**

The Petition and Third-Party Complaint fails to state facts sufficient for exoneration or limitation, requiring dismissal of this action.

**THIRD AFFIRMATIVE DEFENSE**

The Petition and Third-Party Complaint should be dismissed because the loss was caused by acts or omissions to which the Petitioner is in privity and had knowledge.

**FOURTH AFFIRMATIVE DEFENSE**

The Petition and Third-Party Complaint should be dismissed because the cause of any wrongful death, injuries and loss was caused by the Petitioner and/or other persons for whom this defendant is not legally liable or responsible.

**FIFTH AFFIRMATIVE DEFENSE**

The Petition and Third-Party Complaint should be stayed because the claims against Petitioner involve elements of proof which are identical to any issues which may be decided in a proceeding brought on behalf of Claimants.

**SIXTH AFFIRMATIVE DEFENSE**

The Petition and Third-Party Complaint should be dismissed because this Petitioner cannot satisfy the requirements of limitation or of exoneration.

**SEVENTH AFFIRMATIVE DEFENSE**

This Petition and Third-Party Complaint should be dismissed and/or claims against Petitioner remanded to state court and/or the "savings to suitors" clause of 28 USC § 1333 should apply.

**EIGHTH AFFIRMATIVE DEFENSE**

The Petition and Third-Party Complaint should be dismissed or stayed because it fails to state a claim for relief relevant to the relief available to Petitioner in this limitation proceeding.

**NINTH AFFIRMATIVE DEFENSE**

The Petition and Third-Party Complaint should be dismissed because the facts cannot demonstrate that this defendant caused or contributed to any wrongful death, injuries or loss.

**TENTH AFFIRMATIVE DEFENSE**

The Third-Party Complaint should be dismissed because there is no factual or legal basis for any finding of joint liability in tort involving this defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint should be dismissed because there is no factual or legal basis, in law or contract, that this defendant is required to indemnify the Petitioner.

### TWELFTH AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim upon which relief can be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint should be dismissed because any loss alleged was caused solely by the Petitioner.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint should be dismissed because any loss alleged was caused by persons other than this defendant and for whom this defendant is not liable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff should bear the proportional share of liability for his fault and for the harm he caused.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint should be dismissed because this defendant did not owe a duty as to the facts alleged.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint should be dismissed because this defendant did not violate a duty as to the facts alleged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint should be dismissed because any putative duty of this defendant did not in fact cause or contribute to any wrongful death, loss or harm.

### NINETEENTH AFFIRMATIVE DEFENSE

The Third-Party Complaint should be dismissed because as a matter of law this defendant did not cause any loss.

## TWENTIETH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this controversy, including when the limitation of liability petition is denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Petitioner has failed to comply with the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

If this Third-Party Complaint is not dismissed, Third-Party Defendant requests a trial by jury on all issues raised in this action and in such event that a jury trial is not granted in this Court, that Third-Party Defendant be permitted a trial in the common law courts of the Commonwealth of Massachusetts.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Third-Party Defendant cannot be liable in contribution because it did not join in the wrongful conduct that directly and proximately caused the fatal accident or any injuries.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a complete and separate defense, Third-Party Defendant states that the nature of the Third-Party Plaintiff's Complaint is maritime and that the alleged damages claimed resulted from a maritime casualty on navigable waters and therefore United States General Maritime Law applies to this civil action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a complete and separate defense, Third-Party Defendant states that if the Third-Party Plaintiff was injured as alleged, which is specifically denied, such alleged damages were without Third Party-Defendant's fault, knowledge, or privity; that the damages claimed herein exceed the value of the M/V JUPITER, including its pending freight; and its owner herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the Vessel's owner, 46 U.S.C. § 30501 *et. seq.*

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a complete and separate defense, Third-Party Defendant states that the occurrence of the acts or omissions giving rise to the claims in the Third-Party Plaintiff's Complaint occurred, if at all, beyond the voyage and the Voyage Rule estops all such claims as against Third-Party Defendant and the M/V JUPITER.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a complete and separate defense, Third-Party Defendant states that if the Third-Party Plaintiff sustained damages as alleged, which is specifically denied, such damages arose out of a separate occurrence for which Third-Party Defendant and the M/V JUPITER are not responsible.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a complete and separate defense, Third-Party Defendant states that the Third-Party Plaintiff lacks standing to bring these claims against Third-Party Defendant under Fed. R. Civ. P. 14(a) and (c).

Wherefore the Third-Party Defendant Rosenthal requests that the Third-Party Complaint against him be dismissed with prejudice or stayed, that the matter be remanded to state court for jury trial on all issues, and that he be afforded such other relief as this Court deems proper.

## JURY CLAIM

Third-Party Defendant hereby demands a trial by jury on all counts and issues so triable.

Respectfully Submitted,

Third-Party Defendant
Lee Rosenthal
By his Attorneys,

*/s/ Kevin G. Kenneally*
Kevin G. Kenneally, BBO # 550050
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, MA 02109
(617) 963-5972
kkenneally@fmglaw.com

Dated: March 2, 2022

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I served the foregoing on all attorneys of record via the ECF/CM system on March 2, 2022.

*/s/ Kevin G. Kenneally*
Kevin G. Kenneally