UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF RYAN DENVER | : | 1:21-cv-11841-ADB |
| AS OWNER OF M/V MAKE IT GO AWAY, | : | |
| FOR EXONERATION FROM OR | : | IN ADMIRALTY |
| LIMITATION OF LIABILITY | : | |

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND ORDER LIFTING INJUNCTION IN LIMTATION ACTION**

The United States files this memorandum in support of its Fed. R. Civ. P. 59(e) motion requesting this Court amend or alter its Order lifting the stay of state court proceedings against Limitation Plaintiff Ryan Denver arising out of his actions as master of the M/V MAKE IT GO AWAY (the "Vessel"). [ECF No. 66].

The United States is a party in the limitation proceeding, appearing as a claimant, seeking damages for the cost to repair its aid to navigation, Boston Main Channel Light No. 5 ("Daymarker No. 5"), and as a counter-defendant named by Limitation Plaintiff in a counterclaim under Fed. R. Civ. P. 13. [ECF No. 28].  The Court recently lifted the stay of state court proceedings in the limitation action so that claimants can file actions in state court against Denver, as master of the Vessel, for "a jury to promptly determine where liability lies." [ECF No. 66 at 18].  The United States submits that this Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1333 over the claims brought by it under the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq*., and the general maritime law, and through the Suits in Admiralty Act ("SIAA"), 46 U.S.C. § 30901 *et seq*., for the counterclaim filed against it by Denver.  Only this Court can determine whether the United States can recover its claim for property damage in the limitation action, and whether it has waived its sovereign immunity for the counterclaim brought by Denver.  If the United States' sovereign

immunity has been waived, this Court must determine whether the government bears any responsibility for the accident. Because state courts do not have jurisdiction over the United States, no state court judgment concerning liability for the accident or apportioning fault against the United States will be enforceable in the limitation action, or have any *res judicata* effect, at least as to the United States, which would not be a party to any state court proceeding.

If Denver or any other claimant files a third-party complaint against the United States in state court, the United States will seek removal of the state court action back to this court, which will cause inefficiency and undue delay in these proceedings. To ensure the United States' rights are protected so that it can prosecute its property damage claim and defend itself against Denver's liability claims, and to promote judicial economy in determining liability for the accident, the United States requests this Court amend its Order and reinstate the injunction against state court proceedings [ECF No. 4] so that the liability of all parties can be determined by this Court.

## **PROCEDURAL BACKGROUND**

On November 12, 2021, Ryan Denver filed a limitation of liability action arising out of a July 17, 2021, accident in which Denver's powerboat, the M/V MAKE IT GO AWAY, allided with Daymarker No. 5 in Boston Harbor, resulting in the death of one of Denver's passengers and injuring several other passengers, and damaging the United States' aid to navigation ("the accident"). [ECF No. 1]. This Court previously determined that Denver was both the owner and operator of the Vessel at the time of the accident and held he was "the owner at the helm." [ECF No. 66 at 12 n. 10].

Daymarker No. 5 is a federal aid to navigation, owned, operated, and maintained by the U.S. Coast Guard.[1] The United States filed a claim in Denver's limitation action to recover the Coast Guard's costs to repair the damage to Daymarker No. 5, pursuant to the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq.*, and the general maritime law. [ECF No. 16]. In its claim, the United States alleged jurisdiction exists under 28 U.S.C. §§ 1331, 1333, and 1345. [*Id.* at ¶ 4]. The United States also denied the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, (the "Limitation Act") applies to its claim for damages asserted under the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq.* [*Id.* at 5, US' Ans. at ¶ 1].

On January 27, 2022, Denver answered the United States' claim in the limitation action and filed a counterclaim against the United States under Fed. R. Civ. P. 13 alleging, among other things, that the United States negligently constructed, operated, and maintained Daymarker No. 5 and asserting claims under theories of negligence, contribution, indemnity, and recoupment. [ECF No. 28]. Denver alleges this Court's jurisdiction over his counterclaim is predicated on 28 U.S.C. § 1333, 46 U.S.C. § 741, and Fed. R. Civ. P. 9(h). [*Id.* ¶ 9]. More specifically, Denver asserts the United States created dangers and hazards to navigation for smaller vessels that have lower heights of eye, by establishing, maintaining, and operating Daymarker No. 5. [*Id.* ¶ 19]. He contends the United States failed to warn of the dangers and hazards it created with Daymarker No. 5. [*Id.* ¶ 20]. Denver also alleges that lighting associated with a nearby U.S. Army Corps of Engineers' dredging project in Boston Harbor obscured his ability to see Daymarker No. 5. [*Id.* ¶¶ 21–25]. Denver contends the United States is liable for damage to his vessel and claimants' damages. [*Id.*

---

[1] Daymarker No. 5 is a stationary lighted tower located in Boston Harbor. [ECF No. 16 at ¶ 10]. On July 17, 2021, Daymarker No. 5 had a green light flashing at two-and-a-half (2.5) second intervals, was equipped with three (3) square green day boards, and stood 32 feet high. [*Id.* at ¶ 11].

3

¶¶ 58-59]. The United States answered Denver's counterclaim denying all liability for the accident, and pled certain affirmative defenses, including a request for dismissal for lack of subject matter jurisdiction under the discretionary function exception. [ECF No. 34].

On February 2, 2023, this Court stayed discovery in the limitation action because of the criminal indictments pending against Denver in the Suffolk Superior Criminal Court in Massachusetts. [ECF No. 44]. Presently, a status conference is scheduled in the criminal matter on April 25, 2024. A criminal jury trial is scheduled on February 25, 2025.

A joint motion to dismiss the limitation action was filed by three (3) of the six Claimants[2] (Aristide Lex, Tory Govan, and Wilfred Julce, Special Representative to the Estate of Jeanica Julce) early in the case. [ECF No. 6]. The Court denied Claimants' Motion to Dismiss on September 8, 2022. [ECF No. 37]. Claimants then filed a joint motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and asked the Court to dismiss the limitation of liability claim "as to them and proceed with a jury trial on the merits to determine the percentage of fault as between [the Vessel] interests and any perceived joint-tortfeasors," or "[i]n the alternative, . . . to enter an order excusing them from the stay and allowing them to proceed" in state court. [ECF No. 53 at 15–16; ECF No. 66 at 2]. Limitation Plaintiff opposed the motion on several grounds. [ECF No. 54]. Limitation Plaintiff also urged the Court to maintain the injunction and concursus of all claims and noted his third-party claim against Lee Rosenthal and counterclaim against the United States in the limitation action. [*Id.* at 5–8 n. 5].

On March 12, 2024, the Court denied the Claimants' Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), but granted Claimants' request to lift the injunction issued by this

---

[2] "Claimants" as used herein refers only to the three (3) claimants who filed motions and not the United States, Marzouk Onifade, or Musse Kassa.

4

Court under the Supplemental Rules for Certain Admiralty and Maritime Claims F(3) [ECF No. 4], finding that the Limitation of Liability Act does not prohibit claimants from filing separate, state court actions against Ryan Denver as master of the Vessel. [ECF No. 66]. In doing so, the Court explained it was lifting the injunction "to allow a jury to promptly determine where liability lies." [*Id*. at 18]. The Court found that "despite the language of Supplemental Rule F(3), there is [] no need for a stay here where the owner was at the helm and it is the negligence of the master, if any, that will drive liability rather than his actions as owner." [*Id*. at 17]. The Court also stated, "Should the state court action somehow result in a finding against Denver as owner for an amount that exceeds the value of the vessel, which seems unlikely given that all of the allegations of negligence concern the actions of the owner as master rather than as owner (e.g., an owner negligently hiring a captain or contractor to work on his vessel), the matter can be returned to this Court for an allocation of the resources available to satisfy a claim. But this decision will be better made if this Court has the benefit of a jury verdict that assesses the negligence of those involved in the incident in one proceeding." [*Id.* at 17–18 n. 13].

## STANDARD ON MOTION TO ALTER OR AMEND

Generally, a "court has 'substantial discretion and broad authority to grant or deny' a motion for reconsideration made pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *In re Urbelis*, No. 15-cv-12358, 2018 WL 701350, at *3 (D. Mass. Feb. 2, 2018) (citing *Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53, 57 (D. Mass. 2011) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81 (1st Cir. 2008)). "A court may appropriately grant a motion for reconsideration 'where the movant shows a manifest error of law or newly discovered evidence.'" *In re Urbelis*, 2018 WL 701350 at *3 (citing *Ruiz Rivera*, 521 F.3d 76 at 81-82 (quoting *Kansky v. Coca-Cola Bottling Co. of New England*, 492 F.3d 54, 60 (1st Cir. 2007))); *Savini v. Ashland, Inc.*, No. 11-

12277, 2013 WL 5218194, at *1 (D. Mass. Sept. 16, 2023) (quoting *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009)) ("motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.").

Here, the Court's ruling lifting the stay so that a state court jury can determine the liability of those involved in the incident is an error of law and unjust to the United States. Only this court, sitting in admiralty, can determine whether the United States' sovereign immunity is waived under the SIAA, and if so, whether the United States is liable for the accident. In addition, a state court jury's findings concerning the liability of Denver or any other parties, including the United States, should not be enforced against the United States under theories of claim preclusion or *res judicata*. The United States will not be a party in any state court proceedings and cannot prosecute its claims against Denver as master and owner in state court. As a claimant in the limitation action, the United States must be allowed to present evidence of its claim to this Court for a determination of whether Denver is liable for the accident.

## DISCUSSION

1. The Suits in Admiralty Act vests exclusive jurisdiction with the district court to adjudicate admiralty claims brought against the United States.

"A federal court's authority to hear cases in admiralty flows initially from the Constitution, which 'extend[s]' federal judicial power 'to all Cases of admiralty and maritime Jurisdiction.'" *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 531 (1995) (quoting U.S. Const., Art. III, § 2). In turn, the United States' sovereign immunity goes to the Court's Article III jurisdiction. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463

U.S. 206, 212 (1983). "Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994) (internal quotations and alterations omitted). "Sovereign immunity is not only a bar to liability but also a bar to the courts in which suits against the United States can be filed." *Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012) (citing *U.S. v. Sherwood*, 312 U.S. 584, 588-91 (1941)).

"The Suits in Admiralty Act [46 U.S.C. § 30901 *et seq*.] vests exclusive jurisdiction in the district courts when the suit is of a maritime nature." *Amell v. United States*, 384 U.S. 158, 159 (1966). "'All admiralty claims to which the United States is a party fall within the ambit of the [SIAA].'" *Barnett v. United States*, 650 F. Supp. 3d 412, 426 (D.S.C., 2023) (quoting *Hurd v. United States*, 134 F. Supp. 2d 745, 767 (D.S.C. 2001)). The SIAA waives the United States' sovereign immunity when an equivalent civil action in admiralty could have been brought against a private owner or operator. *See* 46 U.S.C. § 30903(a). Under the SIAA, "[e]xclusive jurisdiction is in the federal district court; the action cannot be filed in state court. Suit is brought *in personam* only, and the claim will be tried without a jury." Thomas J. Schoenbaum, 2 Admiralty & Mar. Law § 20.1 (6th ed. Nov. 2023) (internal citations omitted). The SIAA does not provide a substantive cause of action against the United States, rather, it "merely waive[s] sovereign immunity for claims over which there is admiralty jurisdiction." *Id*.

In this matter, Denver brought his counterclaim against the United States under 28 U.S.C. § 1333, Fed. R. Civ. P. 9(h), and the SIAA. [ECF No. 28, Counterclaim at ¶ 9]. 28 U.S.C. § 1333(1) gives federal district courts original jurisdiction over "any civil case or admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." "The saving to suitors clause preserves remedies and the concurrent jurisdiction of state

courts over *some* admiralty and maritime claims." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 445 (2001) (emphasis added). "There is a presumption in favor of concurrent jurisdiction, so that state courts may entertain federal civil claims as a matter of course 'absent provision by Congress to the contrary or disabling incompatibility' between the federal claim and state court jurisdiction." *Diversified Foods, Inc. v. First Nat. Bank of Boston*, 985 F.2d 27, 29 (1st Cir. 1993) (citing *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78 (1981)). Here, state courts do not have supplemental jurisdiction over the United States because there is an explicit statutory directive from Congress, the SIAA. Subject matter jurisdiction in federal court for Denver's counterclaim against the United States exists, if at all, solely pursuant to its limited waiver of sovereign immunity under the SIAA.

The United States answered Denver's counterclaim, denying all liability for the accident. [ECF No. 34]. The United States also pled certain affirmative defenses, including a request for dismissal for lack of subject matter jurisdiction under the discretionary function exception, because Denver's counterclaim challenges conduct by the government that is discretionary and susceptible to policy analysis. [*Id*. at 20, First Affirmative Defense]. This Court has jurisdiction to decide if the United States' sovereign immunity has been waived, and if so, whether the government is liable for the accident. A state court does not. If Claimants file state court suits against Denver, and Denver, or any party, responds by filing a third-party complaint alleging the United States is liable for the accident, the United States will have to remove the action under 28 U.S.C. § 1442(a) (removal of civil actions directed against federal officers or agencies).

2. The United States' right to prosecute its property damage claim and defend against claims brought against it will not be protected in state court.

The presence of the United States in this limitation action as both a claimant and counter-defendant presents a circumstance that did not exist in the cases the Court cited in support of its

8

decision to lift the stay to allow claimants to proceed separately against Denver as master of the vessel. [ECF No. 66 at 12–16]. In those cases, the United States was not a party to the limitation actions and no claims were filed against it.

"Limitation actions are equitable proceedings in which courts must consider 'the rights of all claimants….'" *In re Paradise Holdings, Inc.*, 795 F.2d 756, 761 (9th Cir. 1986) (internal citation omitted). Here, lifting the stay to allow Claimants to file state court actions against Denver is unjust and affects the rights of the United States to prosecute its claims against Denver as master and owner of the Vessel in the limitation action. In its ruling this Court stated, "just as a stay is not required wherein there is only one claimant and the claim is for less than the value of the vessel, despite the language of Supplemental Rule F(3), there is similarly no need for a stay here where the owner was at the helm and it is the negligence of the master, if any, that will drive liability rather than his actions as owner." [ECF No. 66 at 17]. Based on the Court's current Order, findings in state court as to Denver's liability as master will undoubtedly have a preclusive effect on Denver's liability as owner in the limitation action, at least as to some claimants. The United States expects that following their state court jury trials against Denver as master, claimants will return to the limitation action and ask the Court to adopt the state courts' liability findings, arguing some theory of *res judicata* or claim preclusion applies to the limitation action. "*Res judicata* – also known as claim preclusion – is a longstanding legal doctrine that 'a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action.'" *Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc.*, 79 F.4th 1, 1 (1st Cir. 2023) (citing *Haag v. United States*, 589 F.3d 43, 45 (1st Cir. 2009)). It would be unjust and manifestly unfair to the United States as a claimant for this Court to adopt liability determinations made by state court juries. The United States has a viable claim pending in the

limitation action against Denver as both owner and master of the vessel. The United States will not be a party in any state court action and will be absent from and unable to participate in state court proceedings where Denver's liability will be determined by juries. Under the Court's current ruling, there is a risk that the United States will be precluded from retreading ground concerning Denver's liability as master in the limitation action. Accordingly, the United States asks the Court to amend its Order to reinstate the injunction so that this Court may determine Denver's liability as master and owner.

3. The Limitation Act's concursus procedure allows for the efficient resolution of liability among the parties.

As a practical matter, the United States' absence from state court actions means it will not be a participant in discovery or proceedings concerning liability-related issues. The United States must conduct its own discovery in the limitation action against Denver as both owner and master of the Vessel.[3] This will result in duplicative discovery in the state and federal courts and cause additional delays in resolving the limitation action. Piecemeal litigation and duplicative discovery are exactly what the Limitation Act's concursus process seeks to avoid. "The Act provides for all claims against an owner to be aggregated and decided at one time under a single set of substantive and procedural rules, thereby avoiding inconsistent results and repetitive litigation." *In re Paradise Holdings*, *Inc.*, 759 F.2d at 761 (citing *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 414-416 (1954)). Reinstating the injunction so that discovery and motion practice on liability related matters is controlled by this Court is the most economical way to proceed. "'The most efficient way to determine which parties are liable…, and the best way to avoid inconsistent liability findings through piecemeal litigation, is to bring all potentially liable parties into a single

---

[3] Discovery in the limitation action is presently stayed until the criminal matter is resolved. [ECF No. 44].

action.'" *In re Urbelis*, 2018 WL 701350 at *7 (quoting *Aponte v. Caribbean Petroleum Corp.*, 141 F. Supp. 3d 166, 170 (D.P.R. 2015)) (internal citations omitted).

In its ruling lifting the stay, this Court noted some of the ways claimants have been allowed to prosecute their claims outside of a limitation action. [ECF No. 66 at 14–17]. Courts recognize two exceptions that allow a claimant in a limitation action to proceed in another forum (with a jury). *Lewis v. Lewis and Clark Marine*, 531 U.S. 438, 441-442 (2001). "First, when a single claimant seeks damages and files a stipulation that protects the shipowner's right to have the admiralty court adjudicate its claim to limited liability and waives any related claim of res judicata, that claimant may pursue damages in another forum." *Matter of Elizabeth & Niki Fishing Corp.*, No. 21-cv-10020, 2023 WL 8545117, at *2 (D. Mass. Dec. 11, 2023) (citing *In re Complaint of Urbelis*, 2016 WL 4579120, at *4 (D. Mass. Aug. 13, 2016)). "Second, if the limitation fund exceeds the aggregate of the claims against that fund, claimants may proceed in another forum." *Id*. Here, those conditions do not exist. There are multiple claimants in the limitation action with an inadequate limitation fund. No stipulations were prepared by Claimants. And even if Claimants had prepared a stipulation to protect Denver's right to have this Court adjudicate his claim to limit liability and waive any related claim of *res judicata*, that would not protect the United States' rights to adjudicate its property damage claim and defend itself against Denver's counterclaim in this Court.

Other courts have used bifurcation to resolve the conflict between the Limitation Act with the "saving to suitors" clause in 28 U.S.C. § 1333, i.e., trying liability and limitation separately from a claimant's damages. *See Aponte*, 141 F. Supp. 3d 166, 175 (D.P.R. 2015) ("[Bifurcation] is common among courts as a way to ease the conflict between the saving to suitors clause and the [Limitation of Liability] Act"). However, even if this Court bifurcated liability and limitation

determinations from damages, the United States' property damage claim and Denver's counterclaim against the United States must still be adjudicated by this court.

## **CONCLUSION**

The Court's ruling lifting the stay so that a state court jury can determine the liability of all parties is an error of law and unjust to the United States. The United States must be given the opportunity to prosecute its claim against Denver as master and owner in the limitation action and defend itself against Denver's counterclaim in this Court. Reinstating the injunction would protect the United States' rights. Accordingly, for the reasons discussed herein, the United States requests that this Court amend its Order to reinstate the injunction so that liability determinations can be made by this Court and the United States' property damage claim against Denver can be resolved.

Dated: April 9, 2024                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General
                                        U.S. Department of Justice, Civil Division

                                        JOSHUA S. LEVY
                                        Acting United States Attorney

                                        /s/ Jessica G. Sullivan
                                        JESSICA G. SULLIVAN
                                        Senior Trial Counsel
                                        United States Department of Justice
                                        Civil Division, Torts Branch
                                        Post Office Box 14271
                                        Washington, DC 20044-4271
                                        Telephone: (202) 616-4044
                                        Facsimile: (202) 616-4002
                                        Email: jessica.sullivan@usdoj.gov

                                        Attorneys for the United States of America

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I served this motion on all attorneys of record through the ECF/CM system on April 9, 2024.

/s/ Jessica G. Sullivan
JESSICA G. SULLIVAN
United States Department of Justice