UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF RYAN DENVER
AS OWNER OF M/V MAKE IT GO AWAY,                    CIVIL ACTION NO:
FOR EXONERATION FROM OR                             21-cv-11841-ADB
LIMITATION OF LIABILITY

**ARISTIDE LEX, TORY GOVAN and WILFRED JULCE, SPECIAL PERS. REP, ESTATE OF JEANICA JULCE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT OPPOSITION TO THE MOTION(S) OF THE UNITED STATES AND THE LIMITATION PLAINTIFF TO ALTER OR AMEND THE COURT'S ORDER LIFTING STAY** (ECF 66)

Now come the Claimants Aristide Lex, Tory Govan, and Wilfred Julce, Spc. Pers. Rep, Estate of Jeanica Julce (collectively "Claimants") and submit the following facts and authorities in support of their Joint Opposition to the respective Motions of the United States (ECF 68) and Limitation Plaintiff (ECF 70) to Alter or Amend the Court's Order Lifting Stay (ECF 66).

## BACKGROUND and FACTS

Plaintiff filed this limitation action pursuant to 46 U.S.C. §§ 30501-12 (hereafter "LOLA or the Act") on November 12, 2021 seeking exoneration from or limitation of liability arising out of the allision of his pleasure vessel named MAKE IT GO AWAY (hereafter "the Vessel") with the fixed and stationary navigational aid "Daymarker #5 off Castle Island in Boston Harbor on July 17, 2021 (hereafter "the Casualty"). ECF #1, ¶¶2,3,6. In addition to being the owner, Plaintiff Denver ("Denver") was the Master operating the vessel at the time. ECF 1, ¶2. The impact of the vessel with Daymarker #5 caused the vessel to founder, leaving all eight persons on board in the water, including the Plaintiff and the Claimants. ECF 1, ¶15. All but one were rescued by the Coast Guard; one of the passengers died. ECF 1, ¶15, 22, 26. The facts relied upon by the Court in lifting the stay are set out within pages three through six of the Court's Memorandum and Order, ECF 66.

Upon the filing of the Limitation Complaint, this Honorable Court issued the usual Order staying all other proceedings on November 16, 2021, ECF 4.  Subsequently the Court denied Claimants' Rule 12(b)(6) Motion to Dismiss after observing that the Complaint contained "just enough factual allegations" to satisfy plausibility requirements. 626 F. Supp. 3d at 516, 518. Claimants filed their Motion for Judgment on the Pleadings, ECF 52, on  April 13, 2023. Relying upon precedent from the Supreme Court and several other courts around the country supporting the discretionary nature of the stay against a master who is also the owner of the vessel, this Court 'broadly and liberally' applied the statute to the facts before it,  *Coryell v. Phipps*, 317 U.S. 406, 411 (1943), and lifted the stay thereby properly allowing Claimants to proceed with a jury trial in state court.  ECF 66.[1]

While conceeding this Honorable Court's absolute discretion[2] with respect to the lifting of the injunction as to Claimants, Plaintiff and the United States challenge this Court's exercise of that discretion, asserting that it ignored its own decision in *In Re Urbelis* thereby "vascillat[ing]," "exacerbating confusion" and concocting "substantive hash."  They then proceed "[w]ith a tight and grudging hand" to ignore the plain meaning of 46 U.S. Code § 305012 and attempt to stymie the constitutional rights of Claimants to a jury trial in state court by employing speculation as to what further proceedings might bring and urging a misconstruction of statutory application.

**ARGUMENT**

I.        Standard for Reconsideration

---

[1] Claimants Lex and the Estate of Jeanica Julce filed suit in State Court on Monday, April 8, 2024;

[2] *In re Williams Sports Rentals, Inc*., 90 F.4th 1032, 1037–38 (9th Cir. 2024)

Both the limitation plaintiff and the United States invoke *US v. Allen* as setting the standard for the court's determination of their motions.  Ecf 71 at 1; ECF 69 at 5/6).  Not claiming new evidence or an intervening change in the law, two of the three circumstances *Allen* recognizes as supporting reconsideration, they rest on the the third, saying that the court committed a manifest error of law and/or issued a ruling that is clearly unjust in allowing claimants to exercise their constitutional right to a jury trial.

II.      Manifest Error of Law Not Made Out

A "manifest error of law is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law."). See Black's Law Dictionary 563 (7th ed. 1999) as cited by the First Circuit in *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183 (1st Cir. 2004).  Here, the Court very carefully reviewed and considered a host of lower court decisions before mixing their collective reasonings as critical ingredients necessary for the sound decision it reached.  *In Re Lee,* No. 08-cv-06669, 2009 WL 3387955, (N.D. Ill. Oct. 14, 2009)("reasoning instructive in recognizing instances where the findings with respect to a master are likely to be determinative of liability rather than any liability that the same master may have as owner"; *In re Paradise Holdings*, 795 F.2d at 761, 763 (9th Cir.1986) (finding a stay against a master to discretionary despite reaching a different result); *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 485–86 (5th Cir. 1991)(the limitations of liability in LOLA are, "by their plain terms, conferred on ship owners only); *In re Brent Towing Co., Inc*., 414 F. Supp. 131, 132 (N.D. Fla. 1975)(Act provides for stays of litigation against ship owners, not masters); *In re Sarasota Youth Sailing Program, Inc.*, No. 21-cv-00150, 2021 WL

3419059, at *4 (M.D. Fla. Aug. 5, 2021) ([LOLA] clearly provides that it applies purely

to vessel owners).

Reaching even higher authority, the Court next went on to consider, and ultimately apply,

applicable Supreme Court precedent which had held that

> LOLA does "not create a freestanding right to exoneration from liability in circumstances **where limitation of liability is not at issue**," id. at 453. Rather, "the scope of exclusive federal jurisdiction is proportional to the federal interest in protecting the vessel owner's right to seek limitation of liability." Id. (italic added)

*Lewis v. Lewis & Clark Marine*, 531 U.S. 438, 453 (2001). The court noted the two

familiar contexts in which a state-court lawsuit poses no threat to the owner's limitation

right and in which the district court must allow the state court to proceed," i.e. claims that

total less than the value of the vessel, or where claimants stipulate that the federal court

has exclusive jurisdiction over the limitation of liability proceeding and that they will not

seek to enforce a greater damage award until the limitation action has been heard by the

federal court.'" By extension, and because "state courts, with all of their remedies, may

adjudicate claims . . . against vessel owners so long as the vessel owner's right to seek

limitation of liability is protected," id. at 455, this Court identified the situation before it

as yet another such context.[3]  Thus, far from disregarding legal precedent the Court

cooked into its Memorandum and Order a firm legal basis for its decision which, in turn,

is consistent with other decisions of that highest Court. *Pendleton v. Benner Line*, 246

---

[3] Similar to the circumstances of the other two exceptions there is "no need for a stay here where the owner was at the helm and it is the negligence of the master, if any, that will drive liability rather than his actions as owner."  ECF 66 at 17.

U.S. 353, 356, 38 S. Ct. 330, 62 L. Ed. 770 (1918)(Limitation Act "does not limit liability

for the personal acts of the owners done with knowledge"); *Am. Car & Foundry Co. v.*

*Brassert*, 289 U.S. 261, 264, 53 S. Ct. 618, 77 L. Ed. 1162 (1933)(a shipowner remains

liable for his own fault and neglect).

  Given the recipe followed by this Honorable Court, as reviewed in depth above,

Claimants submit that the accusation by movants that the Court "complete[ly] disregard[ed] . . .

the controlling law" is wholly without merit of any kind and should be given no weight

whatsoever.  Neither is the Court guilty, as accused, of committing "error that is plain and

indisputable"; rather   the Order and Memorandum (ECF 66) that the United States and the

Limitation Plaintiff seek to overturn was well reasoned and fully supported by the applicable

law.

  III.  The Big What If's and the May Well Be's"

  Both movants make attempts at glimpsing the future as a means of supporting their "hash

and confusion" arguments foreshadowing procedural Armageddon.  The United States speculates

that:

> -following their state court jury trials against Denver as master, claimants will
> return to the limitation action and ask the Court to adopt the state courts' liability
> findings, arguing some theory of *res judicata* or claim preclusion applies to the
> limitation action. (ECF 69 at 9)

> -If 3rd party complaint is filed it would have to be removed . . .
> (ECF 69 at 8)

> -If sovereign immunity waived--US says state court judgement not enforceable
> and would not be res judicata . . . (ECF 69 at 2)[4]

---

[4] The argument of the United States is Januslike in posing perceived problems such as being brought in as a 3rd party
and the threat of *res judicata* but then, quite confidently dismissing those issues, proclaiming unfettered entitlement
to removal, the protection of sovereign immunity and pronouncing that "*The United States will not be a party in any
state court proceedings and cannot prosecute its claims against Denver as master and owner in state court.*
ECF 69 at 6.

The Limitation Plaintiff, meanwhile, speculates with "mays" and "coulds:"

> -the owner's insurance may well be depleted . . . (ECF 71 at 6)

> -the state court's findings could interfere with the federal district court's obligation of determining the circumstances surrounding "privity or knowledge." (ECF 71 at 6)

He then forecasts disastrous insurance depletion scenarios "creating inefficient and duplicative litigation . . . unnecessarily injecting issue preclusion confusion into multi-party marine casualty litigation."  All of these possibilities and projections are just that, merely inchoate what-ifs and may-well-bes that have no basis in the reality facing the parties at the present time.  And, the Court in its decision (ECF 66) answers these concerns directly, making predictions of its own that answer directly the concerns expressed:

> If the injunction were to be lifted, the case against Denver in his capacity as master of the Vessel would proceed in state court which is clearly a competent forum for the resolution of the underlying case. Under the facts present here— where any negligence would be the result of his actions as master, as opposed to in his capacity as owner, and his rights as owner will be preserved because this federal action is not being dismissed—the Court concludes that this is the fairest and most efficient way to resolve this matter.

Again, predicting the pushback represented by the two motions to amend,

Court further undertook to explain its rationale:

> Should the state court action somehow result in a finding against Denver as owner for an amount that exceeds the value of the vessel, which seems unlikely given that all of the allegations of negligence concern the actions of the owner as master rather than as owner ( e.g., an owner negligently hiring a captain or contractor to work on his vessel), the matter can be returned to this Court for an allocation of the resources available to satisfy a claim. But this decision will be better made if this Court has the benefit of a jury verdict that assesses the negligence of those involved in the incident in one proceeding.

ECF 66 at 17 (FN 13).

IV.    Dispelling Other Misdirections

The moving parties also both employ misdirection in an attempt to

change the Court's mind.  The United States concludes its argument by focusing on a perceived

need for stipulations or the use of bifurcation, remedies previously employed by courts in matters

where it became necessary to preserve the right to jury trial.  ECF 69 at 11.  The Limitation

Plaintiff makes a weak attempt at suggesting that the carve-out for master and crew liability

found in LOLA pertains only to "merchandise malversation" and references incongruous

instances where stays were upheld against managing agents and corporate officers and

shareholders.  ECF 71 at 5,6.  The problem with attempting to apply all of these comparisons and

rationalizations is that they have no meaning here, in a situation *where limitation of liability is

not at issue.  Lewis*, id. at 453.  None of the other situations involve a plain-meaning statutory

exception to LOLA as is the case in the matter presently before the Court which must be guided,

not by such disparate examples and concepts from matters where limitation *is* at issue but by the

fact that LOLA "does not affect the liability of an individual as a master."  46 U.S. Code §

305012.

      V.       Conclusion

      Both movants begin the conclusion section of their briefs with sentences that directly

belie the fallacies of their arguments.  The United States blatantly mischaracterizes the court's

order when it says in its opening sentence that the Court's lift[ed] "the stay so that a state jury

can determine the liability of all parties . . ."  The court did no such thing; its limited lifting of the

stay allows the state court to determine the liability of one party, the limitation plaintiff, *as

master.*  Likewise, the Limitation Plaintiff starts its conclusion with the statement that "Lifting

the stay to permit human Claimants to proceed against Denver *as master* in state court destroys

his ability to *limit his liability under LOLA* . . ."  Such a statement is inapposite and non-sensical

given that Denver never had, and does not now have, any such ability "to limit his liability under LOLA" *as master* given the plain meaning of the statute:

> 46 U.S. Code § 305012 - This chapter does not affect the liability of an individual as a master, officer, or seaman, even though the individual is also an owner of the vessel.

That which did not exist cannot be destroyed.  Denver's attempt to argue in the face of this clarity that the owner/master dichotomy inherent in LOLA should be resolved in his favor must fail given that "it is not within the province of this Court to reconcile any such inconsistencies when the language of the Act is plain, as in this case. " *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 486 (5th Cir. 1991) See also *Cox Operating, LLC v. Atina M/V*, 2021 U.S. Dist. LEXIS 231564; 2021 AMC 532 (E.D. La 2021)(granting motion to allow claim against Master to proceed given that the benefits of the Act are, "by their plain terms, conferred on ship owners only").

WHEREFORE, Claimants ask this Honorable Court to deny the motions of the Limitation Plaintiff and the United States and continue to allow them to proceed with their jury trials on the merits in State Court where their constitutional right to jury will be protected.

ARISTIDE LEX
By His Attorneys,

*/s/ William B. O'Leary*
William B. O'Leary
Attorney at Law
BBO # 378575
The O'Leary Law Firm
63 Shore Road Suite #25
Winchester, MA 01890
(781) 729-5400
bill@tuglaw.com

*/s/Dennis Phillips*
Dennis Phillips, Esq.
BBO # 398320
63 Shore Road, Suite 23
Winchester, MA 01890
(781) 789-3997
dppesq1@comcast.net

WILFRED JULCE AS SPECIAL
PERSONAL REP., ESTATE OF
JEANICA JULCE
By His Attorneys,

*/s/Douglas K. Sheff*
Douglas K. Sheff
BBO # 544072

*/s/Peter Chandler*
Peter Chandler
BBO # 703139

*/s/ Benjamin H. Duggan*
Benjamin H. Duggan
BBO # 684981
Sheff & Cook, LLC
The Daniel Webster Suite
10 Tremont Street, 7th Floor
Boston, MA 02108
(617) 227-7000
dsheff@sheffandcook.com
pchandler@sheffandcook.com
bduggan@sheffandcook.com

TORY GOVAN
By Her Attorney,

*/s/ Stesha A. Emmanuel*
Stesha A. Emmanuel
BBO # 682293
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
(617) 449-6511
semmanuel@mccarter.com

CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I electronically filed the above filing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

parties listed on the electronic service list within the CM/ECF system.

Dated at Winchester, Massachusetts this __th day of April, 2024.


*/s/ William B. O'Leary*
William B. O'Leary
Attorney at Law
BBO # 378575
The O'Leary Law Firm
63 Shore Road Suite #25
Winchester, MA 01890
(781) 729-5400
bill@tuglaw.com