## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF RYAN DENVER | : | 1:21-cv-11841-ADB |
| AS OWNER OF M/V MAKE IT GO AWAY, | : | |
| FOR EXONERATION FROM OR | : | IN ADMIRALTY |
| LIMITATION OF LIABILITY | : | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO DISMISS
## RYAN DENVER'S LIMITATION OF LIABILITY ACTION

Claimant and counter defendant, the United States of America, claimants Aristide Lex, the Personal Representative and Estate of Jeanica Julce, Marzouk Onifade, and Tory Govan, and third-party defendant Lee Rosenthal (collectively "the Parties") respectfully move this Honorable Court to dismiss Ryan Denver's limitation action pursuant to Fed. R. Civ. P. 12(c).[1] On February 5, 2025, Ryan Denver pleaded guilty to "Operation of a vessel under the influence of a controlled substance causing death," Mass. Gen. Laws Ann. ch. 90B § 8B (West 2018), in the Commonwealth of Massachusetts in Suffolk County Superior Criminal Court before Judge Mary K. Ames. (Exh. 1). In the course of pleading guilty, Denver admitted to the Court that he was operating his vessel, the M/V MAKE IT GO AWAY, and that he failed to maintain a proper lookout. *Id.* As a result, Denver, as the owner and operator of the vessel, cannot deny "knowledge and privity" of his own negligence; therefore, he is not entitled to exoneration or limitation of his liability through the Limitation of Liability Act of 1851 ("Limitation Act"), 46 U.S.C. § 30501 *et seq.* Accordingly, Ryan Denver's limitation action should be dismissed.

---

[1] Claimant Musse Kassa opposes the dismissal of Ryan Denver's limitation action. Counsel for Ryan Denver, Liam O'Connell, advised he was amenable to filing a stipulation of dismissal of the limitation action if all claimants agreed to it.

## FACTS AND PROCEDURAL BACKGROUND

This action stems from an accident that occurred at 2:45 a.m. on July 17, 2021, in which the M/V MAKE IT GO AWAY ("Vessel") struck a fixed navigational aid, Boston Main Channel Light No. 5 (also referred to as "Daymarker No. 5"), located East of Castle Island [ECF No. 1 ("Compl.") ¶ 6]. Ryan Denver is the registered owner of the Vessel and, at the time of the accident, was navigating it from the Quincy area to Boston's inner harbor with seven passengers onboard [*Id.* ¶¶ 3, 5–6].

Denver drove his boat into Daymarker No. 5, a platform affixed to the sea floor in Boston Harbor that is equipped with a green, flashing light [*Id.* ¶ 8]. The aid, which is owned and maintained by the U.S. Coast Guard, was damaged and deformed in the allision, and the United States suffered property damage [*Id.* ¶¶ 6, 28]. During the allision, most of the passengers on the Vessel were injured and one drowned [*Id.* ¶ 5].

On November 12, 2021, Ryan Denver petitioned this Court under the Limitation Act for exoneration or, alternatively, to limit his liability to the post-casualty value of the Vessel [ECF No. 1].[2] Specifically, Denver contends he should not be held liable for any injuries, damages, or losses from the July 17, 2021 accident, or if he is held liable in any part, his liability shall be limited at a maximum to the value of his $50,000 interest in the Vessel after the conclusion of the voyage [*Id.* ¶ 4 (Relief Sought)]. In late 2021, numerous claims were filed in Denver's limitation action by passengers injured in the allision, by the Estate of Jeanica Julce (the passenger who drowned), and by the United States [ECF Nos. 8, 9, 10, 13, 14, 16]. Certain claimants moved to dismiss the Limitation Action on December 17, 2021 [ECF No. 6], and this Court denied certain claimants'

---

[2] Ryan Denver filed a separate lawsuit against his insurance company, Markel American Insurance Co., Inc., C.A. No. 1:22-cv-11150-ADB, which is likewise pending with this Court.

motion on September 8, 2022. *See In re Denver*, 626 F. Supp. 3d 512 (D. Mass. 2022) and ECF No. 37.

On December 30, 2021, the United States filed a claim in Denver's limitation action to recover the U.S. Coast Guard's costs to repair the damage to Daymarker No. 5, under the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq*., and under the general maritime law [ECF No. 16]. The United States also denied that the Limitation Act applies to its claim for damages asserted under the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq*. [*Id*. at 5, ¶ 1]. Denver then filed a third-party complaint against Lee Rosenthal, a recreational boater who was allegedly operating a vessel at the time of and near the allision site and who supposedly failed to render aid or assist to Denver and his passengers [ECF No. 19].

On January 27, 2022, Denver answered the United States' claim and filed a counterclaim against the government under Fed. R. Civ. P. 13 alleging, among other things, that the United States negligently constructed, operated, and maintained Daymarker No. 5, and asserted claims under theories of negligence, contribution, indemnity, and recoupment [ECF No. 28]. In his counterclaim, Denver contends the United States failed to warn him of the dangers and hazards it created with Daymarker No. 5 [*Id*. at 10, ¶ 20]. Denver further alleges that lighting associated with a nearby U.S. Army Corps of Engineers' dredging project in Boston Harbor impaired his ability to see Daymarker No. 5 [*Id*. ¶¶ 21–25].

On February 2, 2023, this Court stayed the limitation action because of the criminal indictments brought by the Commonwealth of Massachusetts against Denver in Suffolk Superior Criminal Court [ECF No. 44]. On April 5, 2023, the Court lifted the stay for the limited purpose of adjudicating a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) [ECF No. 51]. On April 13, 2023, three claimants (Lex, Govan, and the Estate of Julce) filed a motion for

judgment on the pleadings asking the Court to dismiss Denver's limitation action "as to them and proceed with a jury trial on the merits to determine the percentage of fault as between [the Vessel] interests and any perceived joint-tortfeasors," or "[i]n the alternative, . . . to enter an Order excusing them from the stay and allowing them to proceed" in state court against Denver [ECF Nos. 52, 53 at 15].  In March 2024, the Court lifted the injunction that would otherwise prohibit state court proceedings, allowing separate actions by the claimants to be brought in state court against Denver, in his capacity as master of the Vessel; this Court, at the same time, also preserved the limitation action [ECF No. 66 at 18].  The United States and Denver filed motions to alter or amend the Court's ruling and argued that all claimants should remain inside the limitation action, largely because the United States is a party therein, and Denver has filed counterclaims against the government which must be adjudicated in federal court [ECF Nos. 68-71].  Certain claimants opposed the motion [ECF Nos. 72-73].  The Court denied the motions for reconsideration with leave to renew if warranted on April 28, 2025 [ECF No. 82].

Five separate state-court civil suits were filed against Denver in Suffolk and Middlesex counties in 2024 by injured claimants: (1) Aristide Lex, (2) Tory Govan, (3) Musse Kassa, (4) Marzouk Onifade, and (5) the Estate of Jeanica Julce.

As shown by Exhibits 1 and 2, on February 5, 2025, Ryan Denver pleaded guilty to the crime of "Operation of a vessel under the influence of a controlled substance causing death," in Suffolk County Superior Court (Criminal).  The statute to which he pled includes as an essential element the operation of a vessel.  In particular, it provides:

> (2) *Whoever operates* a vessel on the waters of the commonwealth with a percentage by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor, or of marihuana, narcotic drugs, depressants or stimulant substances, all as defined in chapter ninety-four C, or from smelling or inhaling the fumes of any substances having the property of releasing toxic vapors as defined in section 18 of chapter 270 *or whoever operates a vessel*

> *reckless or negligent so that the lives or safety of the public might be endangered and by any such operation causes the death of another person, shall be guilty of homicide by a vessel* and shall be punished by imprisonment in a jail or house of correction for not less than thirty days nor more than two and one-half years, or by a fine of not less than three hundred nor more than three thousand dollars, or both.

Mass. Gen. Laws Ann. ch. 90B, § 8B (2) (West 2018) (emphasis added).

That same day, Denver was sentenced to a mandatory loss of his driver's license for ten years, 300 hours of community service, and is subject to the standard terms and conditions of probation for five years. (Exh. 2).

Following his guilty plea, on March 28, 2025, Denver answered the five state-court lawsuits filed against him in Massachusetts and concurrently filed five third-party complaints against the United States. The United States promptly removed all five actions to federal court, and each was assigned to this Court under the following civil action numbers: 1:25-cv-11135-ADB (Kassa), 1:25-cv-11136-ADB (Govan), 1:25-cv-11137-ADB (Lex), 1:25-cv-11138-ADB (Onifade), 1:25-cv-11146-ADB (Julce). These cases are associated with this limitation action but have not been formally consolidated with it.

On May 27, 2025, the United States answered Denver's Third-Party Complaints and filed compulsory counterclaims against Denver and the M/V MAKE IT GO AWAY under Fed. R. Civ. P. 13(a), asserting its claim for damages and the associated costs to repair Boston Main Channel Light No. 5. In its counterclaims, the United States asserted its right to recovery against Denver for damages to Daymarker No. 5 totaling $462,217 under the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq*., and under the general maritime law. On June 17, 2025, Denver answered the United

States' five counterclaims and continued to assert his right to the benefits of the Limitation Act as an affirmative defense.[3]

This Court lifted the stay of discovery in the Limitation Action on July 8, 2025 [ECF 90]. Prior to the status conference with this Court in July 2025, counsel for Denver indicated he would file a stipulation of dismissal of the limitation action.  (Exh. 3, June 20, 2025, email from Liam O'Connell).  Following the status conference, counsel for Denver has repeatedly advised all parties that he is amenable to filing a stipulation to dismiss the limitation action.  However, claimant Musse Kassa opposes dismissal of the limitation action, necessitating the filing of this motion.

## LEGAL STANDARD – RULE 12(c)

"The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)." *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007).  "[U]nlike a Rule 12(b)(6) motion, [a Rule 12(c) motion] implicates the pleadings as a whole." *Kimmel & Silverman, P.C. v. Porro*, 969 F. Supp. 2d 46, 49 (D. Mass. 2013) (internal quotation marks omitted).  During this review, "the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences" in their favor.  *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (internal quotation marks omitted).  Dismissal is only appropriate at this stage if the pleadings, viewed in the light most favorable to the non-moving party, fail to support a "plausible entitlement to relief." *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007)

---

[3] In his Affirmative Defense No. 19 filed in all five removed actions, Denver states, "[I]f the USA sustained damages as alleged, which is specifically denied, such injury was without the fault, privity, or knowledge of Third-Party Plaintiff Denver; that the damages claimed herein exceed the value of the vessel, including her pending freight." Denver goes on to say "Third-Party Plaintiff Denver herewith claims the benefit of any and all laws and statutes of the United States of America, including but not limited to, the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*. as more fully pled in his Limitation Complaint, ECF No. 1."

(internal quotation marks omitted). The Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011). "In reviewing a motion under Rule 12(c) . . . [the Court] may consider 'documents the authenticity of which are not disputed by the parties; … documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Here, Denver's guilty plea in Suffolk County Criminal Court is a matter of public record and is susceptible to judicial notice by this Court. "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990).

## LAW AND ANALYSIS

The Limitation Act limits the liability of a vessel owner to the value of a vessel for any damage caused by an accident without the privity or knowledge of the owner. 46 U.S.C. § 30501 *et seq*. Congress passed the Limitation Act in 1851 'to encourage ship-building and to induce capitalists to invest money in this branch of industry.' *Lewis v. Lewis & Clark Marine, Inc*., 531 U.S. 438, 446 (2001) (quoting *Norwich & N.Y. Transp. Co. v. Wright*, 13 Wall. 104, 121 (1871)). The Act "allows a vessel owner to limit liability for damage or injury, occasioned *without the owner's privity or knowledge*, to the value of the vessel or the owner's interest in the vessel." *Id.* (emphasis added).

The determination of whether a shipowner is entitled to limitation employs a two step-process. "First, the court must determine whether negligence or unseaworthiness caused the accident. Second, the court must determine whether the shipowner was privy to, or had knowledge

of, the causative agent (whether negligence or unseaworthiness)." *Carr v. PMS Fishing Corp.*, 191 F.3d 1, 4 (1st Cir. 1999). Here, Ryan Denver has now admitted, first, that he was negligent and, second, that he was personally operating his vessel at the time of the accident. *See* Exhs. 1 and 2. As explained below, this obviates his right to avail himself of the benefits of the Limitation Act.

This Court previously determined that Denver was "the owner at the helm," *Denver*, 626 F. Supp. 3d at 516, and explained that "[p]laintiff's complaint contains just enough factual allegations to plausibly allege lack of privity or knowledge of negligence and therefore survive the motion to dismiss." *Id*. at 518. The Court rejected a categorical rule that an owner at the helm of his vessel necessarily has privity or knowledge of operational negligence on a vessel he actively controls such that they could never be entitled to limitation of liability under the Limitation Act. *Id*. at 517-18. Be that as it may, Denver's admission of criminal negligence eliminates any trace of doubt as to his operation of the vessel at the time of the accident and his privity or knowledge of the negligence at issue.

As the Court previously explained:

> Privity or knowledge is defined as personal participation of the owner in some fault, or act of negligence, causing or contributing to the loss, or some personal knowledge or means of knowledge, of which he is bound to avail himself of a contemplated loss, or conditions likely to produce or contribute to the loss, without adopting appropriate means to prevent it. There must be some personal concurrence, or some fault on the part of the owner himself, or in which he personally participates, to constitute such privity, within the meaning of the Limitation Act, as will exclude him from the benefit of its provisions.

*In re Denver*, 626 F. Supp. 3d 512, 516 (D. Mass. 2022). Denver's admission of negligence in a criminal proceeding is based on his operation of the vessel at the time of the incident. Therefore, he can no longer seek the benefits of the Limitation Act, notwithstanding his status as a vessel owner.

Where an owner is operating his own vessel at the time of the alleged negligent act, he is necessarily charged with privity or knowledge of that act. *See Joyce v. Joyce*, 975 F.2d 379, 385 (7th Cir. 1992); *Hercules Carriers, Inc. v. Claimant of Florida*, 768 F.2d 1558, 1563–64 (11th Cir. 1985); *Tittle v. Aldacosta*, 544 F.2d 752, 756 (5th Cir. 1977). "In all events, an entitlement to limitation requires an antecedent finding that the vessel owner was not privy to, and had no knowledge of, the decisive act of negligence or condition of unseaworthiness." *Denver*, 626 F. Supp. 3d at 516 (quoting *Carr*, 191 F.3d at 4). Once privity or knowledge is established, a claim for limitation must be denied as a matter of law. *Linseed King v. Hicks*, 285 U.S. 502, 510 (1932).

Ryan Denver admitted that he was negligent in his operation of the vessel at the time of the accident. Given this admission, Denver can no longer claim that he had "no knowledge of the decisive act of negligence," nor can he demonstrate that he, in his capacity as a vessel owner, lacked privity or knowledge, an element that he would have to be able to satisfy to continue to sustain his limitation action. Put differently, Denver's plea subjects him to "the doctrine of judicial estoppel [which] prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 32–33 (1st Cir. 2004) (citing *InterGen N.V. v. Grina*, 344 F.3d 134, 144 (1st Cir. 2003); *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). Having taken the position that he was operating the vessel involved in the

accident in order to enter a plea deal, he can no longer maintain that he was without knowledge or privity as to its cause.

## CONCLUSION

Having pleaded guilty to "Operation of a vessel under the influence of a controlled substance causing death," Mass. Gen. Laws Ann. ch. 90B, § 8B (West 2018), in the Suffolk County Superior Criminal Court, Ryan Denver admits that he was negligently operating the vessel involved in the allision on July 17, 2021. Given this admission, he has "knowledge and privity" and is no longer entitled to seek exoneration or any limitation of his liability through the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* Accordingly, the Parties respectfully request that the limitation action be dismissed, and Denver be precluded from asserting limitation of liability in any other associated cases. If this Honorable Court grants this motion, the Parties request the Court also rule that Denver is precluded from asserting that the statute of limitations is a defense to any pending actions brought against him by claimants arising from the July 17, 2021 allision.

Dated: November 19, 2025

Respectfully submitted,

**Attorneys for the United States of America**

Brett A. Shumate
Assistant Attorney General

Leah B. Foley
United States Attorney

/s/ Jessica G. Sullivan
Senior Trial Counsel
J. Steven Jarreau
Bradley K. Baker
Trial Attorneys
U.S. Department of Justice, Torts Branch
P.O. Box 14271
Washington, D.C. 20044-4271

**Attorneys for Aristide Lex**

/s/ William B. O'Leary
William B. O'Leary, BBO # 378575
Dennis P. Phillips, BBO # 398320
63 Shore Road, Ste. 25
Winchester, MA 01890
Tel.: (781) 729-5400
Email: bill@tuglaw.com
Dppesq1@comcast.net

10

Tel.: (202) 616-4044
Fax.: (202) 616-4002
Email: Jessica.Sullivan@usdoj.gov

**Attorneys for Marzouk Onifade**

/s/ Robert W. Norton
Robert W. Norton, BBO # 550492
Roger J. Donahue, Jr., BBO # 129100
Giarruso, Norton, Cooley & McGlone, PC
North Quincy, MA 02171
Tel.: (617) 770-2900
Fax.: (617) 773-6934
Email: rnorton@gncm.net
rdonahue@gncm.net

**Attorneys for Lee Rosenthal**

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO #237850
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
Tel.: (617) 428-1151
Fax.: (617) 428-6919
Email: sholbrook@holbrookmurphy.com

Kevin G. Kenneally, BBO # 550050
Warren D. Hutchison, BBO #246150
Sean P. Kelly, BBO #702226
Freeman Mathis & Gary, LLP
One Boston Place
201 Washington Street, Ste. 2200
Tel.: (617) 963-5698
Fax: (833) 226-4728
Email: kkenneally@fmglaw.com

**Attorney for the Personal Representative and Estate of Jeanica Julce**

/s/ Benjamin H. Duggan
Benjamin H. Duggan, BBO #684981
Kathy J. Cook
Michael P. Holden
Peter R. Chandler
Sheff & Cook, LLC
Ten Tremont St., 7th Floor
Boston, MA 02108
Tel.: (617) 227-7000
Fax.: (617) 227-8833
Email: bduggan@sheffandcook.com

**Attorneys for Tory Govan**

/s/ Catherine A. Mohan
Catherine A. Mohan, BBO # 680585
Siobhan M. Tolan BBO #687101
McCarter & English
265 Franklin Street
Boston, MA 02110
Tel.: (617) 449-6500
Email: cmohan@mccarter.com
stolan@mccarter.com

## **L.R. 7.1 CERTIFICATION**

Counsel certifies that she contacted counsel for all parties and attempted in good faith to resolve or narrow the issues raised by this filing.  Claimant Musse Kassa opposes dismissal of Ryan Denver's limitation action, necessitating the filing of this motion.

/s/ Jessica G. Sullivan___
JESSICA G. SULLIVAN
United States Department of Justice

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Local Rule 5.2, I served this motion on all attorneys of record through the

ECF/CM system on November 19, 2025.

/s/ Jessica G. Sullivan___
JESSICA G. SULLIVAN
United States Department of Justice