UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of The Complaint and Petition by RYAN DENVER as owner of the M/V MAKE IT GO AWAY, for Exoneration from or Limitation of Liability | Civil Action No. 21-11841-ADB<br><br>In Admiralty |

### RYAN DENVER'S BRIEF OPPOSING
### MUSSE KASSA'S FED. R. CIV. P. 56(e)(2) AND LR 56.1 MOTION

Limitation Plaintiff Ryan Denver opposes Musse Kassa's so-called Fed. R. Civ. P. 56(e)(2) and second LR 56.1 motion (ECF No. 107).

Kassa claims he "is not trying to take advantage of some mistake or legal technicality," ECF No. 107 at 6, but that is precisely what he has concocted.[1] So Denver needs to assert upfront three threshold Kassa technical mistakes. First, Kassa's so-called second summary judgment motion does not even pretend to follow LR 7.1(a)(2) protocols. Second, Kassa's arguments in his so-called second summary judgment motion should have been made in his partial summary judgment reply brief, ECF No. 108. With this new motion he improperly seeks another bite at the apple and then the final word with a subsequent reply brief. Third, Kassa's ECF No. 108 is a day late and since it should have incorporated his arguments in ECF No. 107, it too is late. For three good reasons, this so-called second summary judgment motion should be denied as procedurally defective.

And it substantively lacks merit too.

---

[1] Kassa somehow reads into Fed. R. Civ. P. 56(e) numbered Material Facts where those words do not appear while ignoring that Denver's LR 56.1 concise statement incorporates his sworn to Limitation Complaint Statement of Facts controverting Kassa's MFs 5 – 8. *See* ECF No. 1 at 2 – 5; ECF No. 103-1 ¶¶ 1, 3 (swears to complaint facts), and 5 (explanation); ECF No. 104 at 1 – 3 (Denver's numbered Material Facts). Kassa then comes up with the idea that the rules require individualized, repetitive factual citations to specifically deny *seriatim* each of his numbered Material Facts. *See, e.g.,* ECF No. 107 at 4-5 and n. 1.

1

On a summary judgment motion, whether there is a genuine issue of material fact is determined from the perspective of "a reasonable factfinder." *Bonner v. Triple-S Management Corp.*, 68 F.4th 677, 690 (1st Cir. 2023). Facts need to be "[s]upported by" or "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Court, not as factfinder, decides whether "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Kassa earlier admitted that his "Material Facts #5-#8" are "mixed statements of fact and law." ECF No. 100 at 2. Judge Zobel has made clear that Kassa's so-called second summary judgment motion fails because there are genuine disputes on the factual components of his Material Facts #5-#8. *See Johnson v. Celester*, 105 F.Supp.3d 145, 149 (D. Mass. 2015) (only when relevant facts established is a "'mixed question of law and fact' suitable for determination by the court" and "amenable to summary judgment"); *Osgood v. Town of Salisbury*, 105 F.Supp.3d 160, 163 (D. Mass. 2015) (same); *cf. United States v. Coloplast Corp.*, 327 F.Supp.3d 300, 310 (D. Mass. 2018) (no summary judgment on "mixed questions of fact and law best resolved by the jury when the material facts are in dispute").

Here, there are genuine issues of material fact on the factual components of Kassa's mixed fact and law Material Facts #5-#8. Each of them cites the "Transcript, Change of Plea Hearing" which Denver has previously shown per black letter law as having no collateral estoppel effect, ECF No. 104 at 3 - 5, and each of them was factually controverted per LR 56.1 with Denver's declaration swearing to his Limitation Complaint Statement of Facts, ECF No. 103-1 ¶¶ 1, 3 (swears to complaint facts), and 5 (explanation); ECF No. 109, making Material Facts #5-#8 not conclusive in civil cases against Denver, see ECF No. 104 at 1 - 3 and 3 - 5.[2]

---

[2] **Concise Statement of Material Facts:** If the Court considers Kassa's ECF No. 107 as another motion for summary judgment, Denver incorporates herein his LR 56.1 Material Facts of Record and his Admissions/Denials to Kassa's Material Facts Showing Genuine Issues to be Tried, ECF No. 104 at 1 - 3.

Although superfluous, and without admitting it is necessary, in order to placate Kassa, to each of Denver's denials of Kassa MFs 5 - 8, Denver in addition specifically incorporates and cites Denver MFs 1 - 3 and his answers to Kassa MFs 1 - 8, *id.*; the Declaration of Ryan Denver in Opposition to Summary Judgment Motions and its Ex. A, ECF No. 103-1; all of Denver's sworn to Limitation Complaint Statement of Facts, ECF No. 1 at 2 - 5; Ryan Denver's Brief Opposing Musse

## CONCLUSION

Kassa's improper attempt at another summary judgment motion should be denied.

RESPECTFULLY SUBMITTED January 13, 2026.

> **Attorneys for Ryan Denver**
>
> */s/ Liam T. O'Connell*
> David J. Farrell, Jr., BBO #559847
> Liam T. O'Connell, BBO #694477
> Kirby L. Aarsheim, BBO #678774
> FARRELL SMITH O'CONNELL
> AARSHEIM APRANS LLP
> 27 Congress Street, Suite 508
> Salem, MA 01970
> (978) 774-8918, x 203
> loconnell@fsofirm.com

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I served this opposition on all attorneys of record via the ECF/CM system on January 13, 2025.

> */s/ Liam T. O'Connell*
> Liam T. O'Connell

---

Kassa's Motion for Partial Summary Judgment, ECF No. 104; Ryan Denver's Brief Opposing Musse Kassa's Motion to Strike, ECF No. 109; and this brief, ECF No. 110.  *See* Fed. R. Civ. P. 56(e)(1) ("court may…give an opportunity to properly support or address the fact").