**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | | |
|---|---|---|
| | : | |
| **In the Matter of:** | : | 1:21-cv-11841-ADB |
| **RYAN DENVER, as Owner of** | : | In Admiralty |
| **M/V Make It Go Away** | : | |
| **For Exoneration from or** | : | |
| **Limitation of Liability** | : | |
| | : | |
| | : | |

**UNITED STATES' UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER**
**REGARDING PRIVACY ACT AND CONFIDENTIAL INFORMATION**

Claimant, Counterclaimant, and Defendant United States respectfully moves the Court to enter the proposed Protective Order attached as **Exhibit A** (the "Proposed Order"). As reason therefore, the United States respectfully submits that discovery in this matter will require the production of Privacy Act information that must be protected under 5 U.S.C. § 552a, and confidential, proprietary, trade secrets, or sensitive commercial information, not publicly available, that must be protected from disclosure under 18 U.S.C. § 1905, which the United States seeks to protect from disclosure pursuant to Fed. R. Civ. P. 26(c).

1.      This action stems from a boating accident that occurred at approximately 2:45 a.m. on July 17, 2021, in which the M/V MAKE IT GO AWAY, a vessel owned and operated by Ryan Denver, struck a fixed navigational aid, Boston Main Channel Light No. 5 ("Light 5"), in Boston Harbor.

2.      Limitation Petitioner, Counter-Plaintiff, and Defendant Ryan Denver seeks discovery of documents, electronically stored information ("ESI"), or data from the United States through its agencies, the United States Army Corps of Engineers ("Army Corps") and the United States Coast Guard ("Coast Guard"), that was created, transmitted, or prepared by the agencies or

their respective contractors, including Great Lakes Dredge and Dock Company, LLC ("Great Lakes"), V. Pavkov Contracting Co., Inc. ("Pavkov"), Appledore Marine Engineering, LLC ("Appledore"), or other government contractors.

3.      Specifically, Denver seeks documents and data from the United States concerning dredging operations conducted during the Boston Harbor Deep Draft Improvement Project ("Project") that was implemented through a contract between the Army Corps and Great Lakes. Throughout the Project, Great Lakes provided the Army Corps with sensitive commercial information and data not publicly available, that if disclosed would provide its competitors with a competitive advantage. As part of the Project, the Army Corps maintained personnel records for its employees and Great Lakes' personnel which contain personally identifiable information.

4.      Denver also seeks information concerning the solicitation and awarding of contracts for the survey and repair of allision-related damage to Light 5 that was implemented through contracts between the Coast Guard and Pavkov, and the Coast Guard and Appledore. Some of the responsive documents contain financial and pricing information that must be protected from disclosure.

5.      The United States has identified responsive documents, ESI, and data which contains information protected by the Privacy Act, 5 U.S.C. § 552a, or information that reveals trade secrets or proprietary information that must be protected under 18 U.S.C. § 1905, or research, technical, commercial, or financial information that a government contractor maintains is confidential and confers on it a competitive advantage from not being commonly known.

6.      "Federal Rule of Civil Procedure 26(c)(1) provides that a court may 'for good cause, issue an order to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" *W.N. Motors, Inc. v. Nissan North America, Inc.*, No. 21-cv-

11266-ADB,  2022 WL 1568443, at *2 (D. Mass. 2022), (citing Fed. R. Civ. P. 26(c)(1)). "This includes an order 'requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]'" *Id*., (citing Fed. R. Civ. P. 26(c)(1)(G)).

7.      No party opposes the entry of the proposed Protective Order in this matter.

Accordingly, the United States requests that the Court enter the Proposed Order attached hereto as **Exhibit A** as an Order of this Court.

Dated: March 31, 2026                    Respectfully submitted,

/s/ *Jessica G. Sullivan*
JESSICA G. SULLIVAN
Senior Admiralty Counsel
BRADLEY K. BAKER
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Post Office Box 14271
Washington, DC 20044-4271
Telephone: (202) 616-4044
Facsimile: (202) 616-4002
Emails: jessica.sullivan@usdoj.gov
bradley.k.baker@usdoj.gov

Attorneys for the United States of America

**CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(c)(1) AND L.R.  7.1(a)(2)**

Counsel certifies that she contacted counsel for all parties regarding this Motion and the associated Protective Order.  No party opposes this Motion or the associated Protective Order.

/s/ *Jessica G. Sullivan*
JESSICA G. SULLIVAN
United States Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2026, a copy of the foregoing was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system and was served on all counsel of record.

/s/ *Jessica G. Sullivan*
JESSICA G. SULLIVAN
United States Department of Justice